[No. 2160.]

GERAGHTY v. RANDALL.

1. **Appellate Practice—New Trial—Waiver.**

Under particular circumstances an order granting a new trial may be the subject of review, but to give the complaining party any standing in the appellate court he must abandon his

case at that point. By participating in the new trial he acquiesces in the order granting it, and waives any right he may have had to question the correctness of the ruling.

2. **Sales—Fraudulent Representations—Evidence—Admissions.**

In an action by a purchaser of mining stock against the seller to recover back the purchase price on the ground that the stock was worthless and was purchased through the false and fraudulent representations of defendant, defendant's admissions were competent evidence against him.

3. **Sales—Fraudulent Representations—Principal and Agent—Reliance of Agent.**

In an action by the purchaser of mining stock against the seller to recover back the purchase price on the ground that the stock was worthless and that the sale was made through defendant's false and fraudulent representations, where plaintiff had no personal knowledge of the transaction but made the purchase entirely through an agent, it was sufficient to show the agent's reliance upon the representations and was not necessary to show plaintiff's reliance thereon.

4. **Sales—Fraud—Juries—Verdict—Special Finding.**

In an action by the purchaser of mining stock against the seller to recover back the purchase price on the ground that the sale was effected through the false and fraudulent representations of defendant the jury returned a general verdict for plaintiff, and in answer to a special interrogatory found that defendant was guilty of fraud and wilful deceit. The court sustained the general verdict but set aside the special finding on the ground that it was not sustained by the evidence. Held, that the action of the court was not inconsistent and that its action in setting aside the special finding will not be construed as a ruling that there was no evidence of fraud upon which to base the general verdict, but that there was not sufficient evidence of fraud and wilful deceit to warrant a verdict the effect of which was to authorize execution against the body of defendant.

5. **Appellate Practice—Subsequent Evidence.**

A petition to reverse a case upon facts which occurred after the trial in the lower court will not be heard in a court of review.

*Appeal from the District Court of Arapahoe County.*

Messrs. FILLIUS & DAVIS, for appellant.

Mr. T. B. STUART and Mr. CHAS. A. MURRAY, for appellee.

THOMSON, J.

This action was brought by the appellee against the appellant. The complaint alleged that on the 30th day of January, 1897, the defendant sold to the plaintiff fifty thousand shares of the capital stock of the Cape May Mining and Leasing Company for six hundred dollars; that while negotiating the sale to the plaintiff, the defendant represented to him that the company was the owner of valuable mining property in the Cripple Creek mining district, in Colorado; that the company had applied for a United States patent to the property; that he, the defendant, was familiar with the claim of the company to the property, the application for patent, and the proceedings thereunder; that there was nothing whatever, either by way of protest, adverse, prior claim or hostile possession, to prevent or delay the granting of the application; and that there were no conflicting claims of any kind against or in the way of a prompt and speedy issuance of the patent to the company for the property. The complaint further averred that the plaintiff, being without means of knowledge as to the truth or falsity of the representations, relied absolutely upon them, and, so relying, paid to the defendant six hundred dollars in cash for the stock; that the representations were fraudulent and false; that at the time the defendant procured the money from the plaintiff, the company's application for patent had been met by an application of certain other parties for a patent to the same ground as a placer claim, which fact the defendant fraudulently concealed from the plaintiff; that the plaintiff would not have made the purchase, or paid the money, had he known that the company's application was contested; that the

stock was absolutely worthless; that the plaintiff, as soon as he discovered the facts, tendered to the defendant the stock purchased by him, offering to make the proper transfer, and demanded the refunding to him of the money he had paid, but the defendant refused to receive the stock or refund the money. The answer was a general denial.

At the trial the following special interrogatory was submitted to the jury: "Was the defendant in obtaining the money of plaintiff as stated in the complaint, guilty of fraud and wilful deceit?" The jury returned a general verdict for the plaintiff, assessing his damages at six hundred and eighty-six dollars, and answered the special interrogatory in the negative. On motion of the defendant judgment was entered in his favor notwithstanding the verdict. This judgment was afterwards vacated at the plaintiff's instance, and a new trial had. At the second trial, in which both parties participated, the jury were required to answer the same special interrogatory which was first propounded. They returned a general verdict for the plaintiff, assessing his damages at six hundred dollars, and answered the special interrogatory in the affirmative. The defendant moved the court for a new trial on the ground, among others, that the evidence was insufficient to sustain the verdict. As to the general verdict the motion was denied; but it was allowed as to the special finding, on the ground that the latter was not sustained by the evidence. Judgment was entered on the general verdict, and the defendant appealed to this court.

The ruling of the court in vacating the first judgment and granting a new trial, is assigned for error. That under particular circumstances an order granting a new trial may be the subject of review, is settled in this state.—*Wadsworth v. Railroad Co.*, 18 Colo. 600.

But to give the complaining party any standing in the appellate court, he must abandon the case at that point. By participating in the new trial, he acquiesces in the order granting it, and waives any right he may have had to question the correctness of the ruling. The defendant was present at the second trial, examined and cross-examined witnesses, and made a vigorous defense, and it is therefore too late now to say that the order granting the new trial was erroneous.

Objection for the defendant was taken to the following question put by the plaintiff to Frona R. Houghan: "Now state what was said in Mr. Geraghty's presence, or what he said concerning this matter that you have testified about." The objection was disallowed. The witness was the agent of the plaintiff in the purchase of the stock, the latter living in another state, and having no personal connection with the transaction. She had testified to the fact of the purchase, to the representations on which it was made, and immediately before the question was asked, had stated that after the real condition of the title to the property came to her knowledge, she had a conversation with the defendant on the subject. The question related to the last conversation, and we are unable to see wherein it was improper. His admissions, if he made any, were competent evidence against him; and on the face of the question its purpose was merely to show what his statements were. No fault was found with the answer. Equally proper was the question whether the witness relied upon the defendant's statements. The objection was that it was not her reliance, but the plaintiff's, that should be shown. But the plaintiff dealt through her. He was without personal knowledge of the situation, and a misrepresentation to his agent was a misrepresentation to him. The correctness of three of the instruc-

tions is questioned.   No one of them exhibits any obvious fault, and we are not specially advised by counsel in what the supposed error consists.   In argument we are referred for light to the objections made at the time.   These were merely general in their nature. It seems to us that on their face the instructions correctly applied the law to the facts; and as no specific inherent vice is brought to our attention, we do not feel called upon to discuss them.

But the principal question presented to us arises out of the action of the court in setting aside the answer to the special interrogatory, and entering judgment on the general verdict.  For the defendant it is said that the gravamen of the action was fraud committed by the defendant; that the court, in setting aside the special finding, found that there was no evidence of fraud; and that with the question of fraud eliminated, there was nothing in the case to support a judgment against the defendant.   We think counsel err in their construction of the court's ruling, and in their conception of the effect of the special finding upon the general verdict.

It is provided by section 199 of the code that in any case in which the jury render a general verdict, they may be required by the court to find specially upon any particular question of fact to be stated to them in writing, but that where a special finding is inconsistent with the general verdict, the former shall control the latter; and, by the terms of section 2164, Mills' Annotated Statutes, in any civil action founded on tort, if the jury shall state in their verdict that the defendant was guilty of either malice, fraud or wilful deceit, then the plaintiff may have execution against the body of the defendant upon the judgment entered upon the finding.   A remedy is here provided which does not follow a general verdict.   It is manifest that there was no inconsistency between the

general verdict and the special finding. By their general verdict, as well as by their answer to the interrogatory, the jury found that the transaction was fraudulent; and there being no question of inconsistency between the two, we do not think that the action of the court, in setting aside the special finding, was inhibited by the code provision. In our opinion, section 2164 of Mills' Statutes, contemplates an aggravated case—one in which the wrong is premeditated and intentional. A person may obtain the money or property of another by means of statements which are untrue, but of the truth or falsity of which he is without knowledge. In such case he might be held responsible as for a legal fraud, although there was no active intention to commit a wrong.—*Converse v. Blumrich,* 14 Mich. 108.

But while such representations have been held to be false and fraudulent in law, they lack the peculiar feature of guilt implied in the words "malice, fraud or wilful deceit," as used in section 2164. We think that from the connection of the word "fraud" with the words "malice" and "wilful deceit" it was intended to be understood in its odious sense. By denying the motion to set aside the general verdict the court held that there was evidence of fraud, and we cannot suppose that it intended to contradict itself; so that in setting aside the special verdict on the ground that it was not supported by the evidence, the court must have regarded the finding as having reference to actual and intentional fraud. The court was evidently of the opinion that the evidence did not warrant the extreme conclusion reached by the jury in their special finding, regarding, it, however, as amply sufficient to sustain the general verdict. Counsel are therefore mistaken as to the import of the court's ruling. This was not that there was no evidence of fraud, but that there was not sufficient evi-

dence upon which a verdict whose effect would be to deprive the defendant of his liberty, could be properly rendered. The court may have misconceived the evidence, but if it erred in setting aside the special finding, it was the plaintiff, and not the defendant, who was prejudiced by the ruling. The plaintiff is not here complaining, and the question whether, as to him, it was erroneous, is not before us.

The defendant now asks leave to file in this court a petition for reversal, alleging that since the trial and appeal a United States patent for the Cape May lode has been issued and delivered to the Cape May Mining and Leasing Company.

Our jurisdiction is appellate only. We are empowered to review the proceedings of the trial court, and correct errors, if any, which they may disclose; but this is the extent of our authority. Questions of fact which were not involved in the trial, can not be considered here, and leave to file the petition must be denied.

The judgment below will be affirmed.

*Affirmed.*