[No. 3836.]

COHEN v. FOX.

1. EXECUTION AGAINST THE BODY—*Malice—Statute Construed.* Malice as used in Rev. Stat. sec. 3024 is to be taken in its odious and malevolent sense. (58)

2. —— *Verdict.* To justify execution against the body malice must be distinctly found. (58)

3. DAMAGES—*Exemplary—Statute Construed.* Malice as used in Rev. Stat. sec. 2067 may be inferred from reckless and wanton acts, such as disclose an utter disregard of consequences. (58)

4. APPEAL AND ERROR—*Harmless Error.* Action for negligence, the complaint alleging a wilful and reckless disregard of the rights of plaintiff. The court directed the jury to find whether defendant was guilty of

malice, and the question was answered in the affirmative. *Held,* there being no evidence of express malice, that, having. regard to the statute allowing execution against the body the question should not have been submitted; but inasmuch as there might have been evidence or inference of malice, or wantonnness, not appearing in the record, the court having regard to the statute allowing exemplary damages, declined to disturb the verdict. (58)

5. —— *Judgment.* The court. below having improperly awarded execution against the body, this clause of the judgment was ordered stricken out. (58)

*Appeal from Denver District Court.* HON. HUBERT L. SHATTUCK, Judge.

MR. JOHN T. BOTTOM for appellant.

MR. PHILIP HORNBEIN. for appellee.

*Opinion modified and rehearing denied.*

MORGAN, J.

The plaintiff ran out into West Colfax avenue between Clay and Dale Court streets in Denver to rescue her infant brother from an apprehended danger of his being run over by an approaching motorcycle; on which the defendant and another were riding, and which ran against the plaintiff, and threw her against the curbing, from which she sustained injuries. She sued the defendant for damages for the personal injuries thus sustained, alleging negligence in the first cause of action, and a wilful, reckless and malicious disregard of the rights of the plaintiff, in the second cause of action. She prayed for judgment for $2,245 compensatory damages, $1,000 for exemplary damages, and asked for an execution against the body of the defendant under the statute, section 3024 R. S., 1908.

On the trial the defendant asked the court to require the plaintiff to elect as to which cause of action she would rely upon, and she consented to rely upon the first cause of action, provided the question as to malice, as alleged in the second cause of action were determined by instructions to the jury; and, with this understanding, the court proceeded with the

trial, without any ruling upon the motion.    However, the court instructed the jury that if they believed from a preponderance of the evidence that the injury complained of was attended by circumstances of malice, or a wanton and reckless disregard for the plaintiff's rights and feelings, they might award the plaintiff, in addition to her actual damages, such exemplary damages as they might deem reasonable.

The court further submitted a special interrogatory to the jury as follows: "Was the defendant guilty of malice in connection with the injuries sustained by the plaintiff?"  The jury answered this question in the affirmative, and it was probably requested by the plaintiff, and propounded by the court, with special reference to the terms of the body judgment statute, aforesaid; but there is nothing in the instructions, nor in the interrogatory, showing that such was the purpose.   A general verdict for $600 was returned, upon which judgment was entered, and a jail sentence of two months, or until the judgment was paid, imposed.

It is difficult to determine from the record whether the court should have instructed the jury that it might find exemplary damages; it is evident, however, that the court should not have submitted the special interrogatory, with reference to malice as used in the statute concerning a body judgment, because there is no evidence of express malice, and nothing from which it could be inferred, that is, such malice as is involved in that statute.  *Geraghty v. Randall*, 18 Colo. App. 194, 70 Pac. 767.

The word malice, as used in our statutes, in the two separate instances, involved herein, is susceptible of two different constructions as to its meaning and use:

First, the word malice, as used in the statute, ch. 68, R. S. 1908, section 3024, (the body judgment statute), is used in its *odious* and *malevolent* sense.   (*Geraghty v. Randall, supra*).

Second, malice, as used in the statute concerning exemplary damages, section 2067, R. S. 1908, may be found by

the jury or the court from the *reckless and wanton acts* of the injuring party, such as disclose an utter disregard of consequences, aside from any intentional malice in its odious or malevolent sense.

In the case of *Geraghty v. Randall, supra,* the court very plainly indicated that the statute concerning a body judgment uses the word malice in its odious sense, and the court should have been requested to define malice, as used in that statute, in accordace with that opinon, if the special interrogatory was intended for such purpose; but, as no such request was made and no such instruction given, the jury may have found the defendant guilty of malice, as defined in the instructions, concerning exemplary damages. To justify an execution against the body under the statute aforesaid, there should be no uncertainty as to the finding of malice by the jury. *Corryell v. Lawson,* 25 Colo. App. 432, 139 Pac. 25.

It remains to be determined whether the court committed reversible error in instructing the jury that they might find malice, wantoness, or recklessness, upon which to base exemplary damages. It is possible in this case that the jury and the trial court saw, or became conscious of, more and greater evidence of malice, or recklessness and wantonness, under the exemplary damage statute, than appears in, or may be ascertained from the written record, and for this reason, this Court will not hold that there was error in this respect; therefore, even if the general verdict of only $600 includes some necessarily small sum of money that may have been allowed by the jury as exemplary damages, in addition to compensatory damages, in the way of doctors' bills, hospital expenses and personal injuries, this court will not disturb it.

The judgment of the lower court is affirmed with directions to modify it by striking out that part which refers to the body judgment.

Decided April 13, A. D. 1914. Rehearing denied June 8, A. D. 1914.