## No. 10,779.

### KENNEDY *v*. SIMANSKY.

Decided March 3, 1924.

Action for assault and battery. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. JUDGMENT—*Body Judgment.* In an action for assault and battery an order for a capias was erroneous under § 5964 C. L. '21, it appearing that the defendant had been fined in a justice court for the same assault.

2. INSTRUCTIONS—*Requests.* The contention that the court should have defined the difference in meaning of the word malice as used in different statutes, overruled, there being no request for such an instruction, and the facts being such that the court would have been justified in instructing the jury to find malice in its odious sense.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. JOHN HORNE CHILES, Mr. JACOB L. SHERMAN, for plaintiff in error.

Mr. JOHN T. MALEY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN an action for assault and battery Simansky had judgment against Kennedy for $500 compensatory and $1500 exemplary damages. The court awarded execution against defendant's body. He moves for supersedeas.

The order for the capias is admitted to be erroneous under the statute, C. L. § 5964, because the defendant had been fined $15 in a justice court for the same assault. The order should therefore be set aside.

Defendant claims that the court ought of its own motion to have defined to the jury "the difference in the meaning and use of the word malice with relation to a body judgment and malice as used in the statutes concerning exemplary damages," citing *Cohen v. Fox*, 26 Colo. App. 55, 141 Pac. 504.

There are several answers to this claim, one is that the court was not requested to instruct on this point otherwise than it did; another that the assault was without question so brutal and cruel that the court might have instructed the jury peremptorily to find malice in its odious sense.

The defendant claimed that plaintiff was a trespasser and that he was ejecting him, which constituted the assault; and he asked the court to instruct the jury that his motive in ejecting him was immaterial. Exactly the effect of such an instruction we do not see, but, since the evidence shows that the defendant, a large, strong man, knocked the plaintiff down on the public highway and then kicked him into unconsciousness, we do not think much of the point. On the contrary the case convinces us that the legislature in 1921 made a mistake in so amending the statute that the fine of $15 prevents the body judgment.

Supersedeas denied, order for capias reversed with costs and judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.