## PETER PLOURD *vs.* HENRY JARVIS.

Penobscot.    Opinion August 2, 1904.

*Husband and Wife.. Evidence.    Punitive Damages.*

1. Upon an issue whether the defendant "unlawfully persuaded and enticed" the plaintiff's wife to refuse the plaintiff marital intercourse, evidence is admissible of frequent meetings between the wife and the defendant even under circumstances suggesting a probability of adulterous intercourse.

2. If offered evidence tends to prove a material allegation in the pleadings, it is not to be excluded because it also tends to prove other and graver matters not alleged.

3. The defendant can be lawfully found guilty if his unlawful persuasions and enticements were a contributing cause of the plaintiff's wife refusing him marital intercourse. It is not necessary they should have been the sole cause.

4. The conduct of the plaintiff was wilful and shameful, and the jury was authorized to assess heavy punitive damages, and the Court is not sure that the assessment was too large.

On motion and exceptions by defendant.    Overruled.

Action on the case for unlawfully persuading and enticing plaintiff's wife to refuse him marital intercourse. Plea, general issue. Verdict for plaintiff for $2,333.33.

The case sufficiently appears in the opinion.

*H. H. Patten,* for plaintiff.

*F. J. Martin and H. M. Cook,* for defendant.

Exceptions. The evidence was proof of adultery which was not alleged or charged. Defendant was not bound to meet a case for adultery, not being charged with it. The evidence should have been excluded. *Perry* v. *Lovejoy,* 49 Mich., 529.

If the action were for adultery, the plaintiff would be bound to prove a legal and formal marriage, but in the action as it is, which does not allege adultery, he need only prove his marriage by common repute; hence to admit evidence of adultery is to give the plaintiff an undue advantage thereby enabling him to escape the application

of the strict rule which obtains in actions where adultery is charged. *Perry* v. *Lovejoy*, supra; 8 Am. & Eng. Enc. of Law, page 268, letter B, note 3.

The evidence being of adultery, tended to swell the damages far beyond what they otherwise would have been.

Motion. The declaration does not state that the defendant enticed the plaintiff's wife to leave him, or that he harbored her after she had left him, or that he was guilty of adultery with her. Allegation and proof of at least one of these acts is necessary for the maintenance of an action for interference with plaintiff's marital relations. *Bigaouette* v. *Paulet*, 134 Mass. 123; *Houghton* v. *Rice*, 174 Mass. 366; *Lellis* v. *Lambert*, 24 Ont. App. 653.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, SPEAR, JJ.

EMERY, J. This case is before the law court on the defendant's exceptions to the admissibility of certain evidence, and on his motion to set aside the verdict against him as against the evidence.

I. The exceptions. The pith of the plaintiff's declaration is that the defendant "unlawfully persuaded and enticed" the plaintiff's wife to refuse him marital intercourse. The defendant did not demur but traversed. As tending to prove the above allegation and as a step toward such proof, the plaintiff offered evidence of interviews between the defendant and the plaintiff's wife; of their meetings in a saloon at night; of their meetings in the defendant's barn; of his leaving the plaintiff's house about daylight in the morning; of his being seen in the wife's bedroom on the bed; of his being in her bedroom with the wife; of his admission that he came out of plaintiff's house with his clothes in his arms on hearing somebody knock at the door. To all this evidence the defendant objected, but it was admitted and the defendant excepted.

The offered evidence may not amount to proof that the defendant "unlawfully persuaded and enticed" the wife to refuse her husband marital intercourse, but the circumstances shown by the evidence are clearly admissible as showing the relations, the intimacy, between the defendant and the wife, as showing his influence over her, and as

showing his disposition and his motives for the alleged action. These circumstances are at least steps toward proof, and proper to be considered with other circumstances. The absence of these circumstances would certainly be evidence to be considered. Their presence then must be evidence.

The defendant, however, argues that the evidence directly tended to prove adultery, or at least alienation of the wife's affections, specific wrongs distinct and different from that charged,—and hence tended to prejudice the jury against the defendant as to the wrong that was charged. If this be true it cannot deprive the plaintiff of the evidence, if it tends also to prove his own alleged cause of action as we hold that it does. That evidence, otherwise competent and admissible as tending to prove one cause of action, also tends to prove other and graver wrongs does not make it any the less admissible for the original purpose. The party against whom such evidence is received, must be content with instructions that it is to be considered as evidence only of the wrong charged. *Beaudette* v. *Gagne,* 87 Maine, 534.

II. The motion. We find evidence that the plaintiff's wife did refuse him marital intercourse, and we also find evidence from which a jury might infer, without violence to reason, that this refusal was partially, at least, owing to the unlawful persuasions and enticements of the defendant as alleged. It is not necessary that it should have been wholly owing to them. The defendant's wrong is established if he by unlawful conduct contributed to the result.

As to the damages, the wrong to the plaintiff was wilful and grievous. It necessarily entailed the destruction of marital confidence and hence of domestic happiness. Greater wrong can hardly be done a man. Again, it was a case where a jury might properly assess heavy punitive damages to punish the defendant for his wilful turpitude and to restrain him from future misconduct of the same kind. The question of damages in such a case is peculiarly one for a jury. In this case we are not sure that the jury erred.

*Motion and exceptions overruled.*