## DAYTON BISCUIT CO v AERNI

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided March 16, 1931

Howell, Roberts & Duncan, Cleveland, for Biscuit Co.

J. B. Oviatt, Cleveland, for Aerni.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, sitting.

LEMERT, J.

The question of negligence of Snyder, the salesman for the Dayton Biscuit Co., is not involved in this case. In other words, the weight of the evidence on this subject is not involved. Neither are the injuries complained of by Mrs. Aerni in question, and that the amount of the verdict is not excessive, and further that no question of contributory negligence is involved, so that the alleged errors as presented to us by brief and in oral argument are narrowed down to: (1) the trial court erred in refusing to direct a verdict for the reason that there was no proof of agency made; (2), error in the court's charge; (3, court's refusal to charge.

As to the first proposition as to whether or not Snyder was the agent of the Dayton Biscuit Co., and as to whether or not Snyder was engaged in his master's business at the time of the collision, the record before us discloses that Snyder had a fixed program established by his employer in connection with his duties to his employer which did not contemplate the termination of his relations with the company when he made his last call on a customer. It is to be observed that the place where this accident occurred was within Snyder's territory. It was on the road that he took in visiting his trade on the same day that the accident occurred. The accident occurred in a very short distance of the place of business of one of Snyder's customers. Snyder had visited this customer only a short time before and was on his way back to Dayton at the end of his week's work, and it is to be noted that he was taking the shortest route to Dayton and it is further observed that Snyder was paid for his mileage on such trip at this particular time at the rate of five cents per mile by the defendant company.

The evidence disclosed that Snyder was carrying with him at the time of the collision, samples which belonged to the company, advertising matter which belonged to the company, and money which he had collected that day on his trip, and at the time of the happening of this accident it was a one day trip and he was then on his way to turn in the money and orders into the company which he had taken that day, so that the question of agency and as to whether or not there was any evidence which tended to prove or establish that Snyder was acting within the scope of his employment at the time of the collision, we gather from the record and believe that in view of the admissions of defendant company's officers which are uncontradicted, that as a matter of law Snyder was acting within the scope of his employment at the time of the collision.

Cases well in point upon the law governing facts as hereinbefore stated, we cite 137 Atl., 555, 286 Pac., 474, **31 Oh Ap, 470.**

With reference to the second and third charges of error, they may be and will be considered together. We have carefully considered the charge of the court in this case, keeping in mind the particular part of the charge that counsel for plaintiff in error has singled out, claiming the same to be error. We find that on page 302 of the record the court cleared up any possible question there could be about the part of the charge complained of, wherein he said, "If you find under the instructions that the court has heretofore given you, that either of the defendants or both were guilty of negligence that was the proximate cause of the injury, you will then determine the amount of damages that should be awarded the plaintiff from either defendant or both defendants in this case." And again on page 304 of the record, the court says: "In case you find that defendant, George Moore, was guilty of negligence that contributed to the proximate cause of the injury, and also find that Snyder, the driver of the Chevrolet coupe, was engaged in the business of the defendant, the Dayton Biscuit Co., at the time, and that he was negligent and his negligence contributed to the proximate cause of the injury." The court fol-

lowing that, said: "In case that you find that Moore was negligent as the court has instructed you heretofore as to negligence, and his negligence was the proximate cause of the injuries, and if you also find further that Snyder, the driver of the Chevrolet car was not engaged in the business of the Dayton Biscuit Co., or if you find that he was, that he was not negligent." On page 305 of the record, the court explains to the jury the form of verdict to be used in the event that they find only against the Dayton Biscuit Company, wherein the court said, There will be one form of verdict that you should return in the event that you find that Snyder, the driver of the Chevrolet coupe, was engaged in the business of the Dayton Biscuit Co., and that he was negligent and find that Moore was not."

We find and believe that, taking this charge as a whole, and not piece-meal as counsel for plaintiff in error has done, that there can be no question but what the court gave the jury a clear and correct statement of the law. It has been repeatedly held that the charge as a whole must be considered. **107 Oh St, 33.** When a statement might mislead the jury if considered alone, but not if considered with the charge as a whole, there is no prejudicial error. **30 Oh Ap, 379.**

It is to be noted that the paragraph which counsel for plaintiff in error has singled out, has relation to a situation in which both of the defendants are to be held liable. There is nothing in the paragraph which counsel complained of, which gives the jury a formula by which the Dayton Biscuit Co.. would be held alone where their negligence was not a proximate cause of the injury. The paragraph complained of does furnish a formula for finding against both defendants, and what the court attempted to say was that the fact that one of the defendants was more negligent than the other would not interfere with finding against both of them under circumstances as outlined by the court. Therefore, if there was an erroneous statement of law, as claimed by counsel for plaintiff in error, it is immaterial in this case because it has no application except to a situation where the jury found against both defendants.

We believe the court below did furnish the jury a guide concerning which there is and can be no complaint, to use in the event they found only against the Dayton Biscuit Co. We believe that in view of the fact that no interrogatories were submitted to the jury and that a general verdict was returned, that counsel cannot complain about a portion of the charge which defined what the requirements were in order to hold both defendants, when the court has charged correctly as to the requirements in order to find the Dayton Biscuit Co. alone liable, and for this reason we think this comes within the so-called two-issue rule, as laid down in **107 Oh St, 33**, which also was recognized in **23 Oh St, 26**. So keeping in mind that the. jury in this case found in favor of defendant, Moore, and against defendant, the Dayton Biscuit Co., it must follow that if the alleged erroneous statement, as claimed by plaintiff in error as made by the court below, the same is then immaterial for the reason that it applies to a situation which the jury found did not exist, and for that reason the paragraph complained of did not figure in the verdict rendered, but that part of the charge which the jury found applicable to the situation and which furnished the basis of the verdict against the defendant, the Dayton Biscuit Company, alone, was correctly stated, and being a general verdict and no interrogatories being submitted which furnished no basis for a claim of error.

Therefore, from a careful examination of the whole of the record submitted in this case, we. fail to find any error therein, prejudicial to the rights of plaintiff in error, and it therefore follows that the judgment and finding of the court below will be and the same hereby is affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.