## CUSHMAN MOTOR DELIVERY CO v SMITH

Ohio Appeals, 1st Dist, Hamilton Co

Decided June 24, 1935

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, for plaintiff in error.

Cohen, Mack & Hurtig, Cincinnati, and Arthur L. Rowe, Cincinnati, for defendant in error.

100

**OPINION**

By MATTHEWS, J.

We find that there is substantial evidence that the truck operated by Fitzgerald was parked at the time. Fitzgerald and Walker, his helper, admitted that the truck had been parked, but said that at the time of the collision they had started and were moving very slowly with the wheels on one side of the concrete and those on the other side on the ground to the right of the concrete. Three witnesses, Bernick, Hines, and Harwood testified directly that the truck was stationary at the time and to facts tending to prove that it was. There was other circumstantial evidence to the same effect. The evidence was conflicting on the subject. We would not be justified in disturbing the finding of the jury on this subject.

The evidence conclusively showed—and it was finally admitted—that Fitzgerald was engaged in carrying freight for the defendant at the time of this accident. The defendant claimed that he was an independent contractor. The plaintiff claimed that the evidence showed that he was an agent.

The court ruled that under the circumstances the defendant was answerable for the acts of an independent contractor and submitted the case to the jury on that theory. The court in effect held that for the purposes of this case the distinction between an agent and an independent contractor was immaterial.

The errors assigned are:

(1) That the liability insurance policy which the defendant had filed with the Public Service Commission of Indiana should not have been admitted in evidence.

(2) That the court erred in its charge to the jury.

(3) That the judgment is against the weight of the evidence.

We are of the opinion that the court did not err in admitting the insurance policy in evidence. The defendant in its answer placed in issue the averment of the petition that it had parked this truck on the highway. It placed the burden of proof upon the plaintiff and it was in the process of showing the defendant's relation to the parked truck that this insurance policy and other documents were introduced. This truck was listed in the policy. It provided that the assured was: "Cushman Motor Delivery Co. and/or Individuals Named by Endorsement." There was attached to it a document styled an "Endorsement" which recited that:

"On each motor vehicle used for transportation of passengers, or property, or both, the insurer shall be liable to each person suffering damages as the result of any accident due to the negligence of the assured, his agents or representatives in the use or operation of such motor vehicle to the extent of the damages sustained, not exceeding five thousand dollars, and subject to the same limit, the total liability of the insurer on account of any one accident shall not exceed fifty thousand dollars."

This truck was listed and Fitzgerald was named as the owner in the endorsement. It was further recited that the policy was written pursuant to the laws of Indiana and was payable to "the state of Indiana for the benefit of all persons who may suffer personal injuries or property damage due to any negligence of the assured (his) its agents or employees in the operation or use of any motor vehicle under certificate of public convenience and necessity No. 1404 M issued on application No. 1404 M."

Regardless of whether this evidence in and of itself had any tendency to prove agency it did relate to the truck involved and to the defendant's relation thereto. It showed that the truck was being used in the defendant's business—and this by the defendant's own admission. It was a link in the chain of evidence tending to prove or disprove the defendant's responsibility for the parking of the truck. In other words, it was relevant to the issue. Relevant evidence is not excluded because it may tend to arouse prejudice. This is true as to insurance policies as to other types of evidence. **Goz v Tenney, etc., 104 Oh St, 500; Reserve Trucking Co. v Fairchild, 128 Oh St, 519 at 525, et seq.**

The trial court reached the conclusion that if the plaintiff established that the truck had been parked by either an agent or independent contractor of the defendant engaged in its business, the defendant would be liable. There was abundant evidence that Fitzgerald was one or the other and that he was negligent. As the issue of independent contractor or agent was not submitted to the jury, we do not know upon what basis the verdict was rendered in that regard.

The real substantial question is whether the defendant, a common carrier upon the public highways, is liable under the laws of Indiana for the acts of an independent contractor to the same extent as it would for the acts of agents. The plaintiff pleaded and proved several sections of the statutes of Indiana relating to common carriers by motor trucks upon the public highways, among others, §10166 of the laws of Indiana, which is as follows:

"No motor vehicle, except as hereinafter provided, shall be operated upon any public highway of the state of Indiana for the purpose of transporting passengers or property for compensation as a common carrier until there shall have been filed with the public service commission of Indiana, a bond, indemnity undertaking or policy of insurance, executed by a company, mutual association or reciprocal exchange legally authorized to execute such instruments in the state of Indiana and to the approval of said commission, guaranteeing the payment of all damages which may result from any and all accidents due to negligence in the use or operation of such motor vehicle, which bond, indemnity undertaking or policy shall be payable to the state of Indiana, for the benefit of persons who may suffer personal injuries or property damages on account of such negligence, and shall be in such amount as shall be fixed by such commission at the time of granting a certificate of convenience and necessity for the operation of such motor vehicle." (Acts 1925, ch. 46, par. 3, p. 138).

It is claimed on behalf of the plaintiff that this section makes the carrier liable for the acts of independent contractors, and on behalf of the defendant it is claimed that it is unconstitutional as applied to interstate commerce and that if constitutional, it does not have the effect claimed for it by the plaintiff. The authority of the state to require carriers, intrastate and interstate, of goods and passengers by motor upon its highways, to comply with reasonable regulations, pay a reasonable license fee and a tax for highway purposes, and give a bond or liability insurance as security against injuries from the carrier's negligent operations to persons and property other than the persons and property transported, has been fully sustained in the case of Continental Baking Co. v Woodring, 286 U. S., 352, cited with approval in the even more recent case of Bradley v Public Utility Commission of Ohio, 289 U. S., 92; Hicklin v Coney, 290 U. S., 169. On the authority of those cases we hold the statute to be within the sovereign power of the state to govern only incidentally and indirectly affecting interstate commerce, without discriminating against it, and therefore not violative of the "Commerce Clause" of the United States Constitution.

Does the statute change the rule of nonliability of the contractor for the acts of independent contractors? Our attention has not been called to any decision of any Indiana court construing this statute. In that situation, we believe we should follow the construction placed by our own Supreme Court in **Leonard, etc. v Kreider, etc., 128 Oh St, 267**, upon our statute, which we find to be in substantially the same language as the Indiana statute. Whatever difference there is, would tend to indicate that the Indiana legislature recognized the nonliability of the carrier for the act of an independent contractor, and sought to protect the public against his negligence by requiring insurance covering his as well as the carrier's negligent act. In the case of Leonard v Kreider, supra, it was held that the statute did not make the carrier or motor transportation company liable for the acts of an independent contractor. The court held:

"1. No rule of law as to independent contractors is abrogated by §614-99, GC,

relating to motor transportation companies."

And, at page 270, the court says:

"The Court of Appeals expressed the view that although this statute does not expressly so provide, nevertheless by necessary inference every 'transportation company' is made primarily liable to the public for all injuries caused by trucks transporting freight for it unless a proper bond has been executed or an insurance policy furnished. It was pointed out that the legislature executed a bond or insurance policy from 'transportation companies' but not from truck owners or operators, and therefore it must have been intended to hold such companies liable for all injuries occasioned by trucks carrying freight for them, because otherwise it would be possible to operate freight trucks without the protection of a bond or insurance policy so long as the owner or operator is not a 'transportation company.'

"This court finds itself unable to agree with the views of either the trial court or the Court of Appeals. The important problem presented by the latter court seems to be one that should be solved by means of clear and definite legislative enactment rather than by questionable judicial inference. In other words, this court is of the opinion that under the present statute the ordinary rules of agency have not been abrogated."

Counsel for the plaintiff claims that in the absence of any statutes a common carrier cannot avoid liability to the public by employing an independent contractor to discharge its duty, and cites two decisions—**Liberty Highway Co. v Callahan, 24 Oh Ap 374 (4 Abs 830),** and **Interstate Motor Freight Corp. v Beecher, 37 Oh Ap 23, (9 Abs 307)** holding that a common carrier's duties were non-delegable and that when the carrier entrusts the performance of such duties to an independent contractor the carrier is liable for the independent contractor's negligence. An examination of the briefs in the case of Leonard v Kreider, supra, discloses that these cases were urged as authorities upon both the Court of Appeals and the Supreme Court. The Court of Appeals discussed and distinguished them. While we are not prepared to say that the distinction was a valid one, we do believe that the court correctly stated the rule, and its limitations, relating to a carrier's liability for the acts of an independent contractor. The Court of Appeals said:

"It is well settled that a carrier cannot delegate, to others, the duties and responsibilities resting upon it under its contract with the shipper. There is also a well recognized rule that a carrier corporation cannot delegate the duties and responsibilities created by the privileges and franchises granted under its charter, by contracting with other persons to exercise such privileges and franchises, and thereby relieve itself from liability for the negligence of the contractor's servants while they are attempting to exercise such chartered rights, privileges and franchises.

"In such cases the duties and responsibilities grow out of contract or special rights and privileges granted by the state to a carrier corporation after certain conditions and considerations have been complied with, and the carrier corporation is thus a creature of law, specially authorized to do certain things, which it is not permitted to delegate to another so as to relieve it from liability for the negligence of such other person or his servants.

"Such situations are entirely different from the common law right of an individual to engage in the common carrier business and delegate to an independent contractor the performance of any contract the individual may have, and, while remaining liable to the principal for any failure of the independent contractor to carry out the contract, not be liable for injuries to a third person proximately resulting from the negligence of the independent contractor or his servants in the performance of the contract."

This statement of the law is sustained by the authorities collated in the annotation in 28 A.L.R., 122, et seq. See also: Peters v St. L. & S. F. R. Co., 150 Mo. App., 721, 131 SW, 917.

The defendant was engaged exclusively in interstate commerce in Indiana. The exhibits show that the state recognized it had no power to grant or withhold the privilege of engaging in interstate commerce. Power to directly regulate the transportation of freight from one state to another is vested in the Congress by the United States Constitution (§1, Article I) and as to that phase of interstate commerce its power is exclusive even when it has passed no legislation on the subject. A person carrying on interstate commerce is exercising a right derived from the United States Government and not from any state government. Accordingly, the state of Indiana made no inquiry on the subject of convenience and necessity and confined its

requirements to those subjects coming within its police power as a sovereign state. It recognized that the defendant had the right to come within the state to transact interstate commerce and that the extent of its power was to enforce non-discriminatory laws to protect the public safety, health, etc., and to that extent only could it affect interstate commerce. Bradley v Public Utilities Commission, supra; Buck v Kuykendall, 267 U. S., 307; Bush & Sons Co. v Maloy, 267 U. S., 317; Hicklin v Coney, supra. The legislature of Ohio expressly recognized that the Constitution of the United States imposed a limitation upon its power over travel upon public highways by enacting that the "Motor Transportation Act" should not be construed as going beyond the constitutional limitation. §614-101, GC. So what the state of Indiana did was not to grant to the defendant a privilege or franchise but to require it to conform to its laws while exercising within its borders, a right which it derived elsewhere, i.e., from the United States Constitution.

The defendant is a corporation, but it does not clearly appear under what laws. Presumably it was incorporated under the laws of Illinois. What powers were conferred upon it are not disclosed. All that appears is that it was a corporation engaged exclusively in interstate commerce as a common carrier. By complying with the laws of Indiana, it was permitted by it to use the public highways in carrying on its business. It listed the Fitzgerald truck as a part of the equipment that it would use and recited in the listing that Fitzgerald was the owner. It filed the insurance policy running in favor of the state for the benefit of anyone injured by the negligent operation of the truck while used in its business, without reference to who the responsible operator was. The assured was not only the defendant. It—the policy—expressly states that all the individuals named in the endorsement were included in the assured; and Fitzgerald was named in the endorsement. Did the fact then that the defendant made the arrangement with the state for the use of its highway, so that Fitzgerald could lawfully proceed and at the time of making the arrangement notify the state that Fitzgerald would use the highway make the defendant liable for Fitzgerald's acts in so doing without regard to whether the relation between them was that of independent contractor and contractor, or principal and agent? Certainly if the liability is to attach, it cannot be on the ground of non-delegability of duties, because the state knew at the time that Fitzgerald would use the highways, and it required insurance against his acts as well as the acts of the defendant.

There does not appear in the act any purpose to change the law relating to independent contractor.

The case seems to reduce itself to the question of whether a common carrier exercising no special franchise is liable to a person to whom it is not bound by contract for the negligent acts of an independent contractor. This seems to have been the exact situation presented in Leonard v Kreider, supra. Leonard was a common carrier, who had no special franchise. He had not complied with the law (§§614-2 and 614-84, et seq., GC), relating to motor transportation companies. He was using the highways as a member of the public without any special grant from the state so to do. His liability as a common carrier to a stranger under such circumstances was fully briefed. Without discussing that phase of the case, the court held that his liability for the act of another operating a truck on the highway, in the absence of statutory modification depended upon proof of his right to control that other in the manner and mode of operation; and the court held as already pointed out that there had been no statutory modification.

There is no distinction between Leonard v Kreider, supra, and the case at bar on this phase. That case requires a reversal of the judgment in this case. The rule which the court assumed in that case is stated in 14 R.C.L., 103, as follows:

"Moreover, it has been declared that the rule does not render the owner of the franchise liable for acts of an independent contractor when the latter is not exercising any special franchise or charter power, but is doing some act which the contractor could do independently of charter."

An examination of the record shows that there was substantial evidence of agency and that the case should be remanded for a new trial, at which that additional issue should be submitted to the jury for decision.

We find no other errors, prejudicial to the plaintiff in error.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

ROSS, PJ, and HAMILTON, J, concur.