**PLOST v AVONDALE MOTOR CAR CO**

Ohio Appeals, 1st Dist, Hamilton Co

No 4857.   Decided Oct 14, 1935

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, and Milton H. Schmidt, Cincinnati, for plaintiff in error.

Leonard J. Dempsey, Cincinnati, Richard Remke, Cincinnati, and Louis J. Schneider, Cincinnati, for defendant in error.

## OPINION

By ROSS, PJ.

This constituted all the evidence affecting the question involving the business relationship of the salesman to the defendant. In our opinion it is not sufficient to show any contractual right to control the actions of the salesman at the time the injuries were inflicted such as is necessary to establish responsibility for such acts upon the defendant. Restatement of the law of Agency, §220, et seq. §220 provides:

"(1) A servant is a person employed to perform service for another in his affairs and who, with respect to his physical conduct in the performance of the service, is subject to the other's control or right to control.

"(2) In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:

(a) The extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer; and

(i) whether or not the parties believe

they are creating the relationship of master and servant."

Id. §250, et seq. §250:
"Except as stated in §251, a principal is not liable for physical harm caused by the negligent physical conduct of an agent, who is not a servant, during the performance of the principal's business, unless the act was done in the manner directed or authorized by the principal or the result was one intended or authorized by the principal."

See also: 21 O. Jur., 624, 632; City of Tiffin v McCormack et, 34 Oh St, 638; Pickens & Plummer v Diecker & Brother, 21 Oh St, 212; Snodgrass, Admrx. v Cleveland Co-Operative Coal Co., 31 Oh Ap, 470; Gahagen Co. v Smith, 48 Oh Ap, 290; Dayton Biscuit Co. v Aerni, 40 Oh Ap, 49 (10 Abs 344); and, Post Publishing Co. v Schickling, etc., 22 Oh Ap, 318 (4 Abs 613).

In the instant case, as in the Post Publishing case, supra, the defendant was interested only in the result—in the instant case, in securing orders for the purchase of its automobiles. It was certainly unconcerned as to how such results were obtained, whether by use of the telephone, street car, walking, or with the vehicle of the salesman. The relationship was terminable at the will of the parties. The defendant had withdrawn from the salesman the use of its automobile. The relationship between the salesman and the defendant could be scarcely more tenuous. In the Post Publishing Company case, the employe used his own conveyance. In that case, this court said:

"Applying these rules to the facts of this case, the only interest that the publishing company had in the engagement of Meader was to have him take his machine and deliver the Posts at the stations indicated by a slip attached to each bundle. It was only interested in the result. Meader could appear or not as he saw fit. No directions or route of travel were given. He was not limited in his time in making the delivery. In other words, the Post Publishing Company reserved no control over the manner or method of performing the service required."

In this case there is not even a scintilla of evidence that the defendant reserved any species of control over the manner or method of performing the service, producing a result in which latter only the defendant had any interest. The fact that the salesman used a Ford automobile, with the knowledge of the defendant, when taking orders for Chevrolet cars would seem to firmly answer any suggestion that the dealer in such Chevrolet cars had any control over the manner in which orders were to be secured for its automobiles.

The utmost that can be claimed for the evidence of the plaintiff is, that it showed that the salesman was permitted to take orders for automobiles sold by it and that it insisted that the salesman should keep in touch with its sales propaganda by attendance at sales meetings.

It would appear that the criterion of responsibility is not so much whether the principal did control, but whether it was definitely and specifically a part of the agreement of employment that the principal should have the right to control the physical performance of the representative. In the instant case, the defendant might have, in some specific instance, directed or requested the representative Scharf to perform his duties in a particular manner. There is no evidence, however, that this would have been within the contract of the parties, or even justified by any custom prevailing at the time. The only possible form of coercion for failure to meet such a request which the defendant could have used in the instant case would have been to have refused to permit Scharf to longer sell the cars of the defendant. If the defendant had directed Scharf to go in a particular manner at a particular time and to a particular prospect, and Scharf had refused to comply with these instructions, we fail to find anything in the agreement between the parties which would justify the conclusion that Scharf could justly be charged with a breach of his contract with the defendant. It seems only logical that such an element should exist before the defendant should be held liable for any negligence of the representative in performing a service which may be to the benefit of the defendant as well as to himself.

It is because of this that factors, such as that the representative is driving the defendant's car, or is on a definite salary paid for specific duties, or is limited to specific areas of activity become important in determining the right to control the acts of the representative.

At the beginning of the trial the following occurred:

"And thereupon the plaintiff to maintain the issues upon her part, offered the following evidence, to-wit:
"MR. SCHMIDT: Let the record show that on February 23, 1935, the plaintiff

served upon counsel for defendant a demand for the production of the following documents; all of the original reports made by the Avondale Motor Car Company, or any of its officers or employees or by Joseph Scharf, to any Insurance or Indemnity Company, relative to the accident as described in plaintiff's petition. This demand was part of a demand calling for other books and documents in addition to those above specified. The defendant complied with the demand with respect to all of the books and documents except those contained in the paragraph above.

Counsel for plaintiff at the opening of the trial made a motion to compel the defendant to produce said documents, or copies thereof, and the court on consideration of said motion, finds that the same is not well taken and it is therefore overruled, to all of which the plaintiff excepts."

It is claimed that this action of the court constituted error, prejudicial to the plaintiff. §11551, GC, provides as follows:
"Upon motion, and reasonable notice thereof, the court. in which an action is pending, may order the parties to produce books and writings in their possession or power which contain evidence pertinent to the issue, in cases and under circumstances where they might heretofore have been compelled to produce them by the ordinary rules of chancery. If the plaintiff fails to comply with such order on motion, the court may give judgment for the defendant as in case of nonsuit; if a defendant fails to comply with such order, on motion, the court may give judgment against him by default."

The record is silent as to what occurred at the hearing upon the motion to order the production of the documents. We are unable to find, therefore, that the record affirmatively shows that the court abused its discretion in refusing to order the defendant to produce the documents in question. Such failure to so order may or may not have been an abuse of the discretion reposed in it by the legislature. The record furnishes no matter upon which this court can predicate anything other than a surmise.

It is our conclusion that reasonable minds could not disagree as to the conclusion that under the authorities the defendant had no contractual right of control over the physical acts of the salesman and that the trial court therefore properly instructed a verdict for the defendant.

"When the facts attending any issue in an action are admitted or the evidence in respect thereto is not in conflict, it is the duty of the trial court to charge the jury the result that must follow an application of the law to the facts so established; and, where the question is whether the relation of master and servant or that of independent contractor arises by reason of such facts, the trial court should say to the jury which relation exists, and it is prejudicial error to submit the determination of that question to the jury." **Schickling, etc. v Post Publishing Co., 115 Oh St, 589, syllabus.**

The judgment is therefore affirmed.

MATTHEWS and HAMILTON, JJ, concur.