## CUSHMAN MOTOR DELIVERY CO v BERNICK et

Ohio Appeals, 1st Dist, Hamilton Co

No 4930.   Decided Jan 6, 1936

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, for plaintiff in error.

Cohen, Mack & Hurtig, Cincinnati, and Arthur L. Rowe, Columbus, for defendants in error.

## OPINION

By ROSS, PJ.

The evidence presented at the trial develops that one Fitzgerald was operating the truck with which the tractor and trailer of the plaintiffs collided upon a highway in the State of Indiana, that such truck was either parked or slightly moving at the time of the collision, that it was loaded with merchandise accepted by the defendant for interstate transportation as a common carrier. There was evidence that Fitz-

gerald was an independent contractor, carrying on the business of the defendant as a common carrier, engaged in interstate commerce, and there was also evidence that he was merely an agent of the defendant for such purposes. If Fitzgerald was the agent or employe of the defendant, there is sufficient evidence to sustain the verdict against it, on the ground of the negligence of such employe and we would not disturb the judgment because of the claim of negligence on the part of the employes of the plaintiffs, in view of the conclusion of the jury.

In order to establish the relationship existing between Fitzgerald and the defendant, the plaintiffs, over the objection of the defendant, introduced in evidence a certain application, of the defendant for a permit to operate the truck in question upon the Indiana highways, and also the permit issued by the State of Indiana pursuant to such application. The State Commission expressly refrained from the exercise of any jurisdiction in the matter, other than necessary to secure proper assurance that a sufficient bond was executed by defendant to protect the public from loss consequent upon the operation of the trucks listed in the application by the defendant.

This is not an action upon the bond for injury incurred by reason of the operation of the truck in question. The defendant claims that the court committed error in the admission of the application and permit, for the reason that the jury was advised thereby that the defendant possessed protective insurance.

Our position upon this assignment of error has been stated in the case of Cushman Motor Delivery Co. v Smith, Admr., Vol. 4 Ohio Opinions, 141 (O.L.R. Dec 2, 1935) (26 Abs 99). We see no reason to recede from that position.

The application and permit were competent to show what, if any, relationship existed between the defendant and Fitzgerald. Their use by the jury was so limited.

The trial court admitted a complaint filed in the Supreme Court of Cook County, Illinois, in which the defendant and Fitzgerald were plaintiffs. The allegations of the complaint in some respects contradicted statements made by the witness Fitzgerald and it was competent to impeach such witness. The proper foundation was laid for its introduction into evidence. It tended to affect the credibility of Fitzgerald and also show his interest in the matter in controversy, and for such purposes was competent.

The court gave the following special charge to the jury:

"I charge you that if you find from a preponderance of the evidence that the defendant herein listed the motor equipment with which the tractor and trailer of the plaintiffs herein collided, in an application to the Public Service Commission of Indiana for a permit to use and operate such equipment as a public carrier in the State of Indiana, and that such permit was accordingly issued, and that at the time of the collision between such equipment and that of the plaintiffs herein such equipment was being used to transport merchandise entrusted to the defendant as a common carrier for carriage, and that such collision was caused by the negligence of the operator of such equipment as the sole proximate cause thereof, your verdict must be for the plaintiffs."

This court, in Cushman Motor Delivery v Smith, supra, stated the rule of independent contractor as it applies to trucking companies engaged in interstate commerce as common carriers. The charge is in conflict with the law therein announced.

The plaintiff relies upon the rule as stated in the Restatement of the Law of Torts, §428. We quote the black letter and comment:

"Contractor's Negligence in Doing Work Which Cannot Be Lawfully Done Except Under A Franchise Granted To His Employer.

"An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity.

"Comment:

a. The rule stated in this section is principally applicable to public service corporations which, as such, are of franchise, permitted by their franchise to use instrumentalities which are peculiarly dangerous unless carefully operated.

"The rule stated in this section does not apply to the erection of structures or the carrying on of activities which involve no special danger and which could be lawfully carried on or erected at the particular place by private persons without liability for the misconduct of the contractors to

whom they are entrusted. This is so, although land has been acquired by eminent domain. Thus, where a railroad company is permitted to run its trains over railroad crossings upon a public highway the company is subject to liability for the manner in which the trains are run or hauled by an independent contractor whom they employ to do so. Indeed, the rule stated in this section is based upon a broader ru'e which is applicable to make the railroad company liable for the manner in which anyone whom, as independent contractor, servant or licensee, it permits to use its rolling stock for its own purpose or for the purposes of the road. On the other hand, the railroad company is subject to no greater liability than any other landowner for harm to persons injured while on an adjacent highway caused by a contractor's negligent construction or repair of a station or office building, irrespective of whether the land on which it is built is acquired by purchase or condemnation.

"Illustration:

1. The A Railroad Company's franchise permits it to move freight from its terminal to its wharves upon tracks laid along a public highway. The A Company contracts with B, a teamster, to haul its freight trains by mule power. While so doing, one of the employees of B is negligent, and in consequence C, lawfully traveling upon the highway, is hurt. The A Company is subject to liability to C."

It is obvious that there are in the statement of this rule certain elements not found in the present case.

There is no evidence before us that the business of the defendant can only lawfully be carried on under a franchise which would be required of an individual as well as a corporation. The franchise to do business as a corporation is not the franchise referred to in the rule. There is also no justifiable inference that the carrying on of the business of a trucking company engaged in interstate commerce "involves an unreasonable risk of harm to others."

The case before us was predicated upon a complete denial to the defendant of the defense of independent contractor. This was made evident in the giving of the special charge quoted and the refusal of the defendant's special charge No. 3, which is:

"I charge you that if you find from the evidence that Fitzgerald, at the time the collision occurred, was an independent contractor and not the agent or employee of defendant, then your verdict must be for

defendant. The vital test in determining whether a person employed to do a certain work is an independent contractor or a mere servant, is the right of control over the work reserved by the employer. If you find from the evidence that defendant did not have the right to control and did not control Fitzgerald's actions, then your verdict must be for defendant."

The denial of such defense constituted prejudicial error. Leonard v Kreider, 128 Oh St, 267. The defendant should have been permitted to show, if possible that Fitzgerald was an independent contractor and the court should have guided the jury by giving it the rules of law app'icable to liability in cases where such relationship is properly shown to exist.

In §220, Restatement of Law of Agency, the rules for determining whether or not one employed to perform services is or is not an independent contractor are well stated.

"(1) A servant is a person employed to perform service for another in his affairs and who, with respect to his physical conduct in the performance of the service, is subject to the other's control or right to control.

"(2) In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer; and

(i) whether or not the parties believe they are creating the relationship of master and servant." §22, Restatement of Law of Agency.

See also: **Plost v Avondale Motor Car Co.**, No. 4857, Court of Appeals for Hamilton County, decision by this court 10-14-35 (20 Abs 289).

If it be urged that the same rule applicable to railroads should be applied to trucking companies, our answer is, that this is a matter of legislative policy, and we adopt the statement of the Supreme Court in **Leonard v Kreider**, 128 Oh St, 267, at page 270, as our conclusion:

"The important problem presented by the latter court seems to be one that should be solved by means of clear and definite legislative enactment rather than by questionable judicial inference. In other words this court is of the opinion that under the present statute the ordinary rules of agency have not been abrogated."

This case was retried and heard again by the Court of Appeals of the Ninth Appellate District. Stevens, Judge, wrote the opinion handed down September 11, 1935, No. 2556. The Supreme Court refused a motion to certify. A reading of the opinion convinces us that our conclusions are in accord with the opinion of that court upon the law of independent contractor.

If Fitzgerald was the agent of defendant over whom it had the right to exercise control the defendant is liable for his negligent acts, performed within the scope of his employment for the defendant. There is evidence that such agency existed, but this issue was not properly placed before the jury.

As the case must be retried, we refrain from expressing our opinion upon the evidence as to wanton negligence. .

For other assignments of error, we refer to the opinion of the court in Cushman Motor Delivery Co. v Smith, supra.

The judgment of the Court of Common Pleas is reversed for error in the charge of the court and for failure to properly state the issues to the jury, and the cause remanded for a new trial according to law.

MATTHEWS and HAMILTON, JJ, concur.

## CONCURRING OPINION

By HAMILTON, J.

Were it not for the pronouncement of the Ohio rule relating to trucking companies, announced in **Leonard v Kreider**, 128 Oh St, 267, I would be unable to concur in the majority opinion in this case.

While there is some doubt in my mind as to whether the Supreme Court in the Leonard case intended to do anything other than to construe the statute the court did make the pronouncement that to make the railroad rule applicable to trucking companies required legislative action. There are many respectable authorities tending to show that the rule as to non-delegation of duties applies to all common carriers.

In the case of **Coviello v Industrial Commission**, 129 Oh St, 589 at 591, of the opinion the court states: "Liability to third parties and the public was expressly recognized; but whether it was or not is, of course, immaterial, for the company was a common carrier and could not, by delegating its duties, escape its liability as such." The court quotes in support of that proposition **Rhone v Try Me Cab Co.**, 65 F. (2d), 834. In the opinion, Judge Matthias cites several cases, and while the question in these cases is one of workmen's compensation, the observation pronounced in those cases is that the company is liable to the public for the negligence of the driver, notwithstanding inter sese the relation between the driver and the owner be that of bailor and bailee or lessor and lessee.

In mentioning that the matter is of legislative policy, the court seems to overlook the fact that the question of respondeat superior is a pronouncement of law by the court and not legislative. The matter before us is simply one phase of the construction of respondeat superior, and why this should be singled out as a matter of legislative policy, I do not understand.

I shall not go into a lengthy discussion of my views on this subject, for the reason that I believe the pronouncement of the Supreme Court of Ohio in the Leonard case is controlling under the rule of judicial subordination.