281 P.2d 119

**J. F. BIANCONI, Appellant,**

**v.**

**E. L. LYALL, Appellee.**

**No. 5859.**

Supreme Court of Arizona.

April 19, 1955.

Rolle, Jones & Pace, Yuma, for appellant.

Westover, Mansfield & Westover, Yuma, for appellee.

LA PRADE, Chief Justice.

Defendant appeals from a judgment based upon a verdict awarding plaintiff damages under a contract of employment.

The facts are these: plaintiff, E. L. Lyall, was employed by defendant, J. F. Bianconi, to work in the latter's business of constructing irrigation ditches in the Yuma, Arizona area. The parties orally agreed that Lyall was to be compensated by a weekly salary plus twenty percent of the net profits of the business. To enable plaintiff to estimate his share of the profits business records were given him at various times. Plaintiff became dissatisfied with the profits as disclosed by defendant's books and left his employment in June, 1952, requesting that the records of the business be submitted to him for audit. Defendant had computed the net profits during plaintiff's employment at $7,478.32. Plaintiff's auditor computed them at $34,798.84.

Plaintiff commenced suit to obtain twenty percent of the net profits as computed by his auditor, less those payments previously made. The jury awarded plaintiff damages of $4,500 from which defendant appeals, asserting that the evidence failed to support the judgment or verdict and that the verdict is excessive due to prejudice of the jury.

Defendant states that the auditor's gross profit figure is too large and that four additional charges should be deducted from gross income; they are (1) a depreciation expense, (2) accounts receivable, (3) accounts payable, and (4) a loan defendant made to the business.

The records disclosed that defendant paid a business expense from his personal funds and thereby created the loan. Defendant argues that this loan should be deducted from plaintiff's profit figure because it represents expense items properly chargeable to the period of plaintiff's employment. Plaintiff does not controvert defendant but merely points out that the auditor deducted this loan as an expense item and that defendant is mistaken in his belief that this loan was not so deducted. The records demonstrate that this deduction had been made and consequently ap-

pellant is in error. Defendant next claims that a reasonable depreciation should be a charge of the period. Plaintiff concedes that such a deduction is fair and argues that if it is taken it will not mean that the verdict was excessive as defendant contends. This concession obviates further discussion. A depreciation charge of $1,929.46, as computed by plaintiff's auditor, should be deducted from his profit figure of $34,798.84.

■ Defendant also argues that both accounts payable and receivable should be deducted from gross profits as an expense of the period. Since the defendant does not claim that the accounts receivable are uncollectible the only explanation we can ascribe for their exclusion is that he computes the books on a "cash" basis. Since plaintiff's auditor had included accounts receivable in computing gross profits the effect of charging them back as an expense would be to exclude them. This explanation would appear understandable as it relates to the accounts receivable but defendant's additional argument, that the accounts payable should be deducted as an expense of the period, then becomes inconsistent. Defendant's recognition of the accounts payable as a charge assumes that the books are on the "accrual" basis in opposition to his treatment of the accounts receivable. Such procedure distorts the operations of the business, the books must be either on the "cash" or "accrual" basis and not a combination of both. Either

system is a valid accounting technique, but they differ. See Willcuts v. Gradwohl, 8. Cir., 1932, 58 F.2d 587.

■ The plaintiff presented his case on the accrual system which we accept as a fact established by the jury in support of their verdict. Miller v. Haley, 1931, 38. Ariz. 469, 300 P. 1020. Under this treatment accounts receivable were properly included in determining gross receipts but accounts payable were incorrectly excluded as a charge against gross income. There is no indication that these accounts payable were not legitimate except that the Herman Beal item should have been in the. sum of $868.27 instead of $1,500 since defendant admitted that $631.73 had been paid on the account. This has the effect. of reducing bills payable by the last named figure. The auditor evidently excluded all bills payable believing that the terms of the contract between the parties would decide if the operations of the business were to be computed on the accrual or cash. basis. Since the accrual system was urged by the prevailing party we find no basis. upon which these accounts can now be disregarded as a deduction. Charging to the auditor's profit figure of $34,798.84 the depreciation expense of $1,929.46 and the accounts payable of $7,010.37 leaves a balance of $25,859.01, twenty percent of which. is $5,171.80. From this latter amount must be deducted the previous payments made to plaintiff which are to be credited to his claim of twenty percent of net profits.

The parties disagree in their computations of these prior payments.

■ The original agreement between the parties provided that the plaintiff would receive a weekly salary and a weekly advance of profits. Both sides agree that during plaintiff's employment by the defendant he was paid a total of $3,620.76. The parties differ in their computations of how much constitutes salary and how much profits. While the testimony is in conflict on the length of time plaintiff worked for defendant we will accept as true the plaintiff's figure of twenty-two weeks, in support of the verdict.

Plaintiff states that under the original agreement he was to receive $75 a week as salary and $25 a week as an advance payment on his claim to the profits. Plaintiff asserted that this arrangement was altered in May to provide for a weekly salary of $100 and no advance in profits. According to plaintiff it was agreed also that the prior payments of $25 which originally were to represent advance payment of profits were to be considered salary. Under this theory the plaintiff computes his salary for the twenty-two weeks at $100 a week, a total of $2,200. Deducting this amount from the total amount paid of $3,620.76 leaves the sum of $1,420.76 which would be credited to the plaintiff's share of the profits.

The defendant's version of the agreement is quite different. According to him the agreement was changed in May to increase the plaintiff's salary to $100 a week, and to discontinue the advances on profits. But, according to defendant, this change was to take effect in the future only and was not retroactive. Under this theory of the agreement, defendant computes that plaintiff was paid $75 for twelve weeks and after the change in the agreement, eight weeks at $100, or a total salary of $1,700. Adding the amount paid plaintiff while in training of $150, the salary payments total $1,850, which when deducted from the total amount paid plaintiff leaves the sum of $1,770.76 to be credited as advance payment of profits.

■ Which version was correct was a matter for the jury to resolve. The plaintiff prevailed below and we assume that the jury accepted his version that the advance profit payments made to plaintiff amount to only $1,420.76. Miller v. Haley, supra.

Defendant next states that the jury was prejudiced by plaintiff's cross examination of defendant on a claimed expense item called "rent on equipment". It was brought out that this account, in reality, covered wage payments made to Mexican Nationals illegally in this country. Plaintiff's suspicions were aroused and he attempted to determine if this expense item truly represented expenses. To establish if the relation of employer and employee existed between defendant and these men the defendant was asked if the usual pay-

roll deductions were taken from these salaries in conformity with the Federal Income Tax laws. Defendant was also interrogated to discover whether he paid the employer's contribution on these claimed wages in compliance with the Federal Social Security laws, and whether he had paid insurance premiums on these claimed employees as required by the Arizona Workmen's Compensation Act, A.C.A.1939, § 56–901 et seq. It was disclosed that no deductions, contributions or premiums were taken or made. Defendant's counsel objected that defendant's failure to take these deductions, make payments or pay premiums, had no relevancy to the case and served only to prejudice the defendant. The objection was overruled, and this ruling is assigned as error.

■ Whether the defendant made these deductions, contributions or payments, insofar as they relate to possible noncompliance with state and federal law, was incidental to the case at bar. Plaintiff's purpose was not to show that such violations had or had not been made but was to establish whether this labor expense actually existed. The existence of the deductions would tend to show the usual employer-employee relation. The validity of items claimed as expense by defendant was material to the plaintiff's case. If the wages allegedly paid under the account named "rent on equipment" were not paid then the profits would be that much larger, and concomitantly, the plaintiff's claim. The facts plaintiff sought to elicit were pertinent to a material part of his case; their prejudicial aspect under such circumstances is incidental and does not constitute error. Cushman Motor Delivery Co. v. Smith, 1935, 51 Ohio App. 421, 1 N.E.2d 628; Plourd v. Jarvis, 1904, 99 Me. 161, 58 A. 774. Moreover, plaintiff's auditor allowed in full this item designated as "rent on equipment" as an expense charge against the gross business.

A recapitulation of the foregoing analysis of the accounts presents this situation:

| | | |
|---|---|---|
| Profit shown by auditor | | $34,798.84 |
| Depreciation allowable | $1929.46 | |
| Bills payable | 7010.37 | |
| | 8939.83 | |
| Net Profit | | $25,859.01 |
| 20% of net profit | 5171.80 | |
| Less adv. payments | 1420.76 | |
| Due plaintiff | $3751.04 | |

The trial court is directed to modify the judgment by making it read in the sum of $3,751.04 instead of $4,500. In all other respects the judgment is affirmed.

UDALL, PHELPS, WINDES and STRUCKMEYER, Jr., JJ., concur.