## No. 9350.

### SULLIVAN *v.* VALIQUETTE.

1. PLEADING—*Complaint Construed*, and held to present two causes of action, to wit:   (1) Alienation of the affections of plaintiff's wife.   (2) Debauchery of her person.

2. HUSBAND AND WIFE—*Alienation of Wife's Affections.*   One who is the 'procuring' or 'contributory' cause, is liable to an action.

3. DAMAGES.   One who has enticed away the wife of his neighbor should not complain of an award of $3,000 as damages.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

*Department Two.*

Mr. H. W. SPANGLER, Mr. F. T. JOHNSON and Mr. S. H. JOHNSON, for plaintiff in error.

Mr. MEL EMERSON PETERS and Mr. CHARLES CLYDE BARKER, for defendant in error.

Opinion by Mr. Justice Denison.

THE plaintiff (Defendant in error) filed a complaint alleging

First.   That he was the husband of one Jessie Valiquette.

Second.   That about August, 1915, while the plaintiff was living with his wife in Denver

"The defendant wrongfully contriving to injure the plaintiff and to deprive him of the company, society and assistance of his said wife, while *knowing the said Jessie Valiquette to be the wife of the plaintiff,* unlawfully, wickedly and maliciously gained the affections of the said Jessie Valiquette and enticed her to have carnal intercourse with

him, and sought to persuade her and entice her by offers of money and otherwise to leave the plaintiff.

Third.    That thereafter, and at various times between the time aforesaid and the 12th day of November, A. D. 1916, the defendant continued his unlawful and wrongful intercourse with the said Jessie Valiquette, and on or about the 1st day of August, 1916, *enticed and unlawfully and miliciously induced the said Jessie Valiquette to desert the plaintiff and refuse to cohabit and live with him as his wife.*

٭ Fourth.    That by reason of the premises, the said Jessie Valiquette has become estranged from the plaintiff, and her affections and regard for plaintiff have been destroyed and plaintiff has been, and still is, wrongfully deprived by the defendant of the company, society, support and advice of his said wife, and the happiness and benefits he otherwise would have received at her hands, and has suffered great distress of body, mind and estate, to his damage in the sum of twenty-five thousand dollars."

The defendant answered at great and unnecessary length, denying most of the material facts alleged in the complaint and pleading that his relations with the plaintiff's wife were consented to by the plaintiff. The verdict was for the plaintiff for $3,000. The jury specifically found that defendant alienated the wife's affection.

1.    During the trial the court determined that the complaint stated two causes of action, one for criminal conversation and one for alienation of affection, and instructed the jury accordingly.    This was done against the objections of the defendant and is assigned for error.    Omitting the parts of the complaint which we have italicized, it follows closely in words and exactly in substance the common law form of declaration in action on the case for criminal conversation (2 Chitty Pl., pp. 642-3) and is commendable for conciseness and clearness.    The italicized words are in substance the same as those used in the common law form for enticing away the servant, apprentice or wife of the plaintiff (2 Chitty, 642, note *d* and 645, note *i*) and are

essential to such action and not to the action for criminal conversation.

Plaintiff in error cites Pom. Rem. § 455 concerning primary rights and their violation, to show that but one cause of action was stated. His citation leads to the opposite conclusion (see § 456.) There are two primary rights in the case; one is the right of the plaintiff to the body of his wife and the other to her mind, unpolluted. (2 Chitty Pl. 642, note D.) Interference with either constitutes a cause of action, interference with both, even though by one act, constitutes two causes of action. It is permissible to allege interference with either as an aggravation of the other, but in the present case the allegation concerning knowledge of the wifehood determines that there are two causes of action stated, because that is no part of the action for criminal conversation. But even if we assume there is but one primary right there are two violations of it, one the alienation of the wife's affection knowing her to be plaintiff's wife, and the other the violation of her person, either of which alone would constitute a cause of action.

The court was not in error in holding that two causes of action had been stated in the complaint. They should have been separately stated but there was no objection on that ground.

2. The defendant requested the court to instruct the jury that, in order to recover for alienation, plaintiff must show that the defendant was the "controlling" cause, but the learned judge who tried the case used the words "either the procuring or a contributory cause," of the alienation.

We think the court was right.

13 Ruling C. L., p. 1464; *Plourd v. Jarvis*, 99 Me. 161; 58 Atl. 774.

3. It is claimed the damages were excessive. Three thousand dollars is a small sum for such a case. A confessed adulterer who has enticed away his neighbor's wife is in no position to say much about excessive damages.

4. Requested Instruction No. 12, the refusal of which is complained of, was given, in effect, in Instruction No. 2 and elsewhere.

The judgment is affirmed.