## No 11, 155.

### BIGGS, ET AL. *v.* BIGGS.

Decided November 16, 1925.   Rehearing denied December 7, 1925.

Action by wife for alienation of husband's affections by his parents.   Judgment for plaintiff.

*Affirmed.*

1.   APPEAL AND ERROR—*Sufficiency of Evidence.* The contention in an action for alienation of affections that a verdict for actual damages is not supported by the evidence, overruled.

2.   HUSBAND AND WIFE—*Alienation of Affections—Malice.* In an action by a wife for alienation of the affections of her husband, the presence of malice and wanton and reckless disregard of plaintiff's rights is necessary to support any verdict for her, and will justify a judgment for exemplary damages.

3.   WORDS AND PHRASES—*Malice.* Malice has been defined as a reckless disregard of the rights of others.

4.   EVIDENCE—*Alienation of Affections.* In an action by a wife against the parents of her husband for alienating his affections, evidence that the husband's mother advised and aided plaintiff in procuring an abortion, and of her subsequent ill health, held material and relevant.

5.   APPEAL AND ERROR—*New Trial.* Assignments of error based upon matters not mentioned in the motion for a new trial will not be considered on review.

6.   *Evidence—Immaterial.* The admission of alleged objectional evidence which is slightly, if at all, material to the issues, held not to warrant a reversal of the judgment.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. GEORGE B. CAMPBELL, Mr. JAMES H. TELLER, for plaintiffs in error.

Messrs. QUAINTANCE & QUAINTANCE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

NELL S. BIGGS had a verdict for $13,000, actual, and $2,000 exemplary damages, and judgment thereon against Zachariah H. and Aurelia N. Biggs, for the alienation of the affections of her husband, their son, William Byron Biggs, and they bring error.

The points made are: That the verdict for actual damages is not supported by the evidence; That there is no evidence to support the verdict for exemplary damages; That irrelevant and immaterial evidence was admitted.

The first point is not well taken. If all the evidence for the plaintiff is believed the verdict is justified. For example, the plaintiff testified that she heard defendant Zachariah Biggs say to his son, "If you don't get rid of that woman I will cut you off without a cent." This was denied, but, if believed by the jury, was strong and lent color and substance to some other evidence otherwise weak. The evidence was strikingly contradictory and conflicting. We cannot say it does not support the verdict.

Upon the second point: If the evidence supports a verdict at all it supports a finding of malice and a wanton and reckless disregard of plaintiff's rights, because malice in this case is necessary to any verdict for plaintiff; it means deliberate intent to wrong (*McAllister v. McAllister,* 72 Colo. 28, 30, 209 Pac. 788), and no one could deliberately and wrongfully deprive a woman of her husband's affections without a wanton and reckless disregard of her rights; indeed malice has been defined as a reckless disregard of the rights of others. *Morgan v. Durfee,* 69 Mo. 469, 33 Am. Rep. 508.

Upon the question of the erroneous admission of evidence: Evidence was admitted that the defendant Mrs. Biggs advised and aided plaintiff in procuring an abortion. It is claimed that this was irrelevant, but it is answered that since a child would have tended to hold the

plaintiff and her husband together, and so to defeat an attempt to separate them, the evidence tends to show a part of the execution of a plan to accomplish that purpose. We think that answer good. True, the plaintiff's own testimony shows that she intentionally took the advice, but that does not make the evidence irrelevant. The weight of this evidence is not for our consideration. The evidence of her subsequent ill health is material and relevant to characterize the defendant's treatment of her, which, it is claimed, was calculated and intended to separate her from their son.

Evidence of the financial worth of defendant is complained of, but it was not mentioned in the motion for new trial.

The remaining objections to evidence are answered by what we have said. All of it relates to the treatment of the plaintiff and her husband by defendants and though some is but slightly material, if at all, yet we cannot reverse the case on that account.

The judgment must be affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.

### On Rehearing.

MR. JUSTICE DENISON.

The principal ground of the motion is that we overlooked the claim of plaintiffs in error that there was no evidence that the affections of the husband were alienated.

We did not overlook it, but considered it was embraced in the claim that the verdict for actual damages was not supported by the evidence. We have gone over the abstracts and briefs again, however, on this subject and remain of our former opinion that there was such evidence shown by the supplemental abstract, and that it was enough so that we cannot set aside the verdict.

Motion for rehearing denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.