## No. 11,667.

### BRADBURY v. BROOKS.

Decided June 20, 1927.

Action for alienation of affections. Judgment for plaintiff.

### *Affirmed.*

1.  APPEAL AND ERROR—*Sufficiency of Evidence.* In an action for alienation of affections, contention that a verdict for plaintiff is unsupported by the evidence, overruled.

2.  VERDICT—*Excessive.* In an action for alienation of affections, verdict for $23,000 compensatory, and $2,000 exemplary, damages held not excessive under the evidence.

3. Husband and Wife—*Alienation of Affections—Malice.* In an action for alienation of affections, exemplary damages held justified where defendant acted with deliberation and knowledge amounting to malice.

4. Appeal and Error—*Evidence—Objections.* Objection "that the court erred in excluding other competent, relevant and material evidence" held not a sufficient assignment, being too general.

5. Alienation of Affections—*Evidence—Cross-examination.* In an action for alienation of affections there was no error in permitting cross-examination of defendant as to the amount and value of her property.

6. Witnesses—*Husband and Wife.* In an action by a wife for alienation of the affections of her husband, the court properly refused to permit the husband to testify without the consent of the wife.

7. Instructions—*Alienation of Affections.* In an action for alienation of affections, it is held that the court properly treated the complaint as stating two causes of action, one for alienation of affections and the other for criminal conversation, if the facts alleged were sufficient to cover both causes.

8. Pleading—*Alienation of Affections—Criminal Conversation.* Complaint in an action for alienation of affections of plaintiff's husband held to sufficiently allege criminal conversation between defendant and the husband.

9. Husband and Wife—*Alienation of Affections—Instructions.* In an action for alienation of affections, a court instruction that the prevention or obstruction of a possible reconciliation between plaintiff and her husband by defendant was equivalent to alienation in determining whether a verdict should be rendered for plaintiff, upheld.

10. *Alienation of Affections—Reconciliation.* In an action for alienation of affections, the question of reconciliation held clearly involved in the case, under the answer and evidence.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. Cunningham & Foard, for plaintiff in error.

Messrs. Enos & Chisholm, Mr. Thomas I. Purcell, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MARION E. Brooks, plaintiff below, had a verdict and judgment against Vivian Bradbury, for $23,000 compensatory, and $2,000 exemplary damages for the alienation of the affections of plaintiff's husband, Howard A. Brooks. The defendant brings error.

The main force of defendant's argument here is in support of the claim that the verdict is unsupported by the evidence, but the evidence for plaintiff, if believed, was quite sufficient, while that of defendant contained nothing which, even if believed, was conclusive in her favor except her own denials. If the evidence here were as conclusive against the verdict as in *D. & R. G. R. R. Co. v. Peterson,* 30 Colo. 77, 69 Pac. 578, 97 Am. St. Rep. 76, cited by her counsel, we should treat the case differently; here, however, is a case pre-eminently for the jury.

It is claimed that the damages were excessive. We think not. If we are right above we must assume that plaintiff has been deprived by defendant of the love, society and future support of her husband, and of the happiness of a home with all that word implies, and that she has suffered such pain of mind as a rejected wife must. *Williams v. Williams,* 20 Colo. 51, 70, 37 Pac. 614; *Sullivan v. Valiquette,* 66 Colo. 170, 180 Pac. 91. There is also evidence that defendant began her relations with plaintiff's husband while she knew of his happy relations with his wife and pursued such course as she did pursue with him so long and continuously as to prove deliberation, and deliberation with knowledge amounts to malice. *McAllister v. McAllister,* 72 Colo. 28, 30, 209 Pac. 788; *Biggs v. Biggs,* 78 Colo. 310, 311, 241 Pac. 539. She acted in "utter disregard of consequences," *Cohen v. Fox,* 26 Colo. App. 55, 56, 141 Pac. 504. Therefore we cannot say that the exemplary damages were unjustified.

Plaintiff's conduct is attacked, and with reason, but here again the evidence is in conflict and the jury has found for her. She and her husband lived together for

months after the offense, whatever it was, and after he came from their home to Colorado for his health, for months, and even after he met defendant, he wrote letters showing great affection for his wife. Even if she had offended she had the right still to retain him and his affection if she could.

Many objections are made to the ruling of the district court on the evidence. We have considered them all. Some of the rulings, we think were right, others, if wrong, were unimportant, but, however that may be, except as to the points we notice hereafter, the motion for a new trial did not include them. The only statement of a ground covering any of these matters in that motion is the following: "that the court erred in excluding other competent, relevant and material evidence offered on behalf of the defendant on the trial, to which ruling of the court the defendant duly objected and excepted." It will be noticed that this covers no erroneous admission of evidence, and we have uniformly held that a general statement of that sort is not a sufficient assignment. *First National Bank v. Lewis,* 57 Colo. 124, 139 Pac. 1102; *Jones v. Dunlap,* 78 Colo. 221, 239 Pac. 989. In addition to this there is no assignment of error in the admission or rejection of evidence.

An error in the admission of testimony which is properly assigned is that the court admitted cross-examination of the defendant relating to the amount and value of her property. Such evidence is always competent in cases of this sort.

The court refused to permit the witness Howard A. Brooks to testify without the consent of the plaintiff, his wife. This is in accordance with C. L. § 6563, and the court could not hold otherwise.

The instructions of the court are vigorously attacked. In its instructions the court treated the case as if the complaint stated two causes of action, one for alienation of affections and the other for criminal conversation. If the facts alleged were sufficient to cover both of these

causes the court might so treat the complaint. *Sullivan v. Valiquette,* 66 Colo. 170, 180 Pac. 91.

But the plaintiff in error says that the complaint does not show criminal conversation. The allegations pertinent to that point are that defendant "induced said Howard A. Brooks to have carnal intercourse with her." The argument is that this is not an allegation that such intercourse was had. To reach that conclusion we must say that "induced" means *requested* or *enticed.* Webster defines "induce" "to lead on; to influence; to prevail on; to move by persuasion or influence." And "induced" "brought on as by inducement; caused by indirect influence." The connotation is accomplishment. The plaintiff further alleges "That the defendant has continued her unlawful and wrongful intercourse with said Howard A. Brooks and has wilfully and maliciously debauched him." We think these allegations are sufficient notwithstanding that the plaintiff in error argues that the word "debauched" cannot apply to the seduction of a man by a woman.

It is urged that the court should not have submitted the question of criminal conversation to the jury because there was no sufficient evidence thereof. We are not willing to detail that evidence. It is sufficient to say that there was circumstantial evidence sufficient, if believed, which we must assume it was, to permit the conclusion by the jury.

The court instructed the jury in effect that the prevention or obstruction of a possible reconciliation between the plaintiff and her husband was equivalent to alienation in determining whether a verdict should be rendered for the plaintiff. We have already indicated above that this was a proper instruction. Counsel complains that it was not an issue in the case, but the answer and the evidence of defendant went to show that an alienation by plaintiff's fault had taken place before the husband met the defendant. One of the effects of that evidence was to put the question of the possibility of reconciliation into the case,

Moreover the claim of the plaintiff is that after she discovered the relations of the defendant and her husband she sought to obtain a reconciliation, but that the defendant continued those relations. The question of reconciliation then was clearly in the case.

The judgment is affirmed.