No. 14,094.

HALLACK AND HOWARD LUMBER COMPANY ET AL. *v.*
BAGLY ET AL.
(68 P. [2d] 442)

Decided April 19, 1937. Rehearing denied May 24, 1937.

Mr. Lowell White, for plaintiffs in error.

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, for defendants in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This is a proceeding under the Workmen's Compensation Act in which plaintiffs in error are seeking to reverse a judgment of the lower court which affirmed an award of compensation by the Industrial Commission to the defendant in error, Martin M. Bagly. The Lumber Company as the employer and the Casualty Company as the insurer, were respondents below. Defendant in error Bagly was the claimant.

Bagly was injured on the 28th of October, 1935, while working in the shop of the Lumber Company. He and a fellow employee were operating a rip saw when a board being handled by the latter apparently was caught by the saw and thrust against Bagly, striking him in the left groin. His being struck by the board did not knock him down, but he turned around and sat down a moment. He then went outside and sat down for ten or fifteen minutes suffering considerable pain. It was all he could do to walk down the stairway.

It appears that Bagly had had abdominal trouble before which resulted in an operation for hernia in 1930. His contention here is that his being struck by the board caused a new hernia slightly below where the old one had been.

He received medical attention on the same day that he was injured from Doctors Packard and Barnard who apparently found no hernia at that time, but did find a definite tenderness over the left groin. He continued to have pain and it was subsequently discovered that he did have hernia.

The referee found that the hernia was due to the accident of October 28th and that the appearance of the hernia was accompanied by pain, which finding was subsequently affirmed by the Industrial Commission and later by the district court.

To dispose of this matter it is only necessary to determine whether the requirements of section 359, c. 97, p. 1356, vol. 3, '35 C. S. A., have been met. This section provides: "An employee in order to be entitled to compensation for hernia must clearly prove: first, that its appearance was accompanied by pain; second, that it was immediately preceded by some accidental strain suffered in the course of the employment."

▮ Also whether or not the conditions laid down by this court in *Central Surety & Ins. Corp. v. Industrial Commission*, 84 Colo. 481, at 484, 271 Pac. 617, have been met. The rule laid down in that case was as follows: "Hernia is a protrusion of any viscus or tissue through an abnormal opening in the cavity in which it is normally confined. * * * We must also note that the statute requires not the hernia, but the appearance of the hernia, to be accompanied by pain. Webster's New International Dictionary gives the following definitions: 'Appearance, 1. Act of appearing.' 'Appear, 1. To come or be in sight; to be in view; to become visible. * * * 4. To become visible or clear to the apprehension of the mind; to be known as a subject of observation or comprehension, or as a thing proved; to be obvious or manifest.' "

The award is being attacked here because there was no external evidence of the rupture on the same day that the accident happened, but the claimant testified that the injury developed into a rupture. Then the question natu-

rally arises—was the commission justified in making the inference that the accident caused the hernia?

The testimony is conflicting as to when the hernia was ascertainable by doctors. The inference drawn by the commission that the hernia was caused by the accident was a reasonable one and we have held that the outward evidence of an injury need not become immediately apparent. It is sufficient if the injury complained of was set in motion or caused by the accidental injury becoming apparent in a reasonable time. *Central Surety & Ins. Corp. v. Industrial Commission, supra,* p. 491; *Reed v. Massachusetts Bonding & Ins. Co.,* 98 Colo. 257, 260, 57 P. (2d) 697.

It was apparently evident to some one that there was a possibility of a hernia at the date of the accident, because the employer in filling out his report with the commission on the 13th of November stated in response to the question, "Describe fully how accident occurred and what employee was doing at the time," that he "was bumped in right groin with small board—maybe slight rupture," and Bagly's statement was that the accident caused a slight hernia.

Counsel for plaintiffs in error contends that because the Attorney General argues in his brief that the injury in this case would be compensable because of an accident arising out of claimant's employment, it constitutes an abandonment of the hernia as a basis for compensation. Such is not the law. If the facts established are sufficient to cover two causes of action the court might so treat the complaint. *Sullivan v. Valiquette,* 66 Colo. 170, 180 Pac. 91; *Bradbury v. Brooks,* 82 Colo. 133, at 136, 257 Pac. 359.

While the evidence in the case was conflicting, there was sufficient competent evidence upon which the commission could and did base its findings, and since, under the Workmen's Compensation Act this court, as we have repeatedly held, is precluded from disturbing

findings based upon sufficient evidence, the judgment will be affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.