# JANUARY, 1945

FRED LEWIS V. AMERICAN SURETY COMPANY.

No. A-275. Decided December 6, 1944.
Rehearing overruled January 10, 1945.
(184 S. W., 2d Series, 137.)

*Clark, Craik, Burns & Weddell,* of Fort Worth, for petitioner.

It was error for the Court of Civil Appeals to hold that because petitioner had received a potential hernia some months prior to his permanent hernia, and who had continued on the job with the knowledge of his employer, could not recover compensation for the incapacity resulting from the latter injury to the physical structure of his body. Aetna Life Ins. Co. v. Liles, 131 Texas 383, 114 S. W. (2d) 534; Chapman v. Witt, 285 S. W. 331; National Mut. Cas. Co. v. Lowery, 136 Texas 188, 148 S. W. (2d) 1089.

*Todd, Crowley & Gambill,* of Fort Worth, and *Malone, Lipscomb, White & Seay,* of Dallas, for respondent.

Where the claim for compensation made the basis of this suit affirmatively recited that it was merely for the aggravation and completion of an old hernia received on the same job, the year previous, and all the petitioner's pleading and proof were to that effect, the case was brought squarely within the provisions of the statute and petitioner was not entitled to recover because the hernia had existed prior to the accident, and did not appear suddenly on that occasion. Indemnity Ins. Co. v. Jones, 299 S. W. 674; Travels Ins. Co. v. Washington, 5 S. W. (2d) 783; Winn v. Royal Ind. Co., 163 S. W. (2d) 872.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

■ The basis of this suit is a claim for hernia under the Workmen's Compensation Law. The respondent did not provide a surgical operation for the petitioner, and recovery in the trial court was for a general injury. If respondent owed the duty to provide such operation, compensation was measured on the correct basis. Tally v. Texas Emp. Ins. Ass'n., 129 Texas 134, 102 S. W. (2d) 180; National Mutual Casualty Co. v. Lowery, 136 Texas 188, 148 S. W. 1089, and Federal Underwriters Exchange v. Thompson, 136 Texas 194, 148 S. W. (2d) 1092. The trial court's judgment was reversed by the Court of Civil Appeals and

judgment was rendered in favor of respondent, 180 S. W. (2d) 988.

The principal question here for decision is whether or not, as a matter of law, the record discloses that the hernia for which compensation is claimed existed in any degree prior to the injury upon which petitioner bases his claim. The Court of Civil Appeals held that the hernia did exist in some degree prior to that date, basing its holding upon the following: In his notice of injury petitioner described his injury as, "Breaking down of old hernia which had commenced on same job on August 30, 1942." In his claim for compensation filed with the Board he described his injury as: "Aggravation and completion of old hernia sustained on same job on August 30, 1942." In his petition upon which this case was tried he alleged that he sustained the injury made the basis of his claim in the course of his employment on March 29, 1943. Then follows this allegation:

"In this connection plaintiff alleges that on or about August 30, 1942, while working on the same job for the same employer aforesaid, he had previously overlifted and strained himself to the extent that he sustained a potential or incompleted hernia on the left side; that he notified his employer of such injury and procured a truss and kept on working, and believed that such injury was of a minor nature and would heal; that he did not suffer to any extent from such original injury and was not incapacitated from performing the usual tasks of a workman; that following his injury on March 29, 1943, above described, the potential hernia on his left side became completed and greatly enlarged, and a small hernia also appeared on his right side."

Testimony was introduced in support of these fact allegations. Petitioner lost no time from his work on account of his prior injury and did not make any claim for compensation for either a general or a special injury based thereon. In answer to special issues the jury found that petitioner "sustained an incomplete left inguinal hernia in the month of August, 1942," and that on March 29, 1943, he sustained an injury causing such incomplete hernia "to become aggravated or completed on said date."

Hernia is a special injury separately treated in our Workmen's Compensation Law in Article 8306, Sec. 12b, a portion of which reads as follows:

"Sec. 12b. In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain."

■ Petitioner's claim in the instant case is for a hernia alleged to have been sustained on his left side on March 29, 1943, and is not based at all upon any injury sustained on August 30, 1942. No claim is made for a hernia on the right side, on the face of the record above quoted it would appear to be beyond dispute that petitioner's case failed to meet the requirement of subsection 3 above quoted, viz: "That the hernia did not exist in any degree prior to the injury for which compensation is claimed." But after considering the record as a whole in the light of the meaning of the language of the statute above quoted, we have concluded that it cannot be held, as a matter of law, that it discloses that the hernia claimed to have been sustained by petitioner on March 29, 1943, existed in any degree prior to that date.

The charge does not contain a definition of hernia or of incomplete hernia. In Webster's New International Dictionary, 1937 edition, hernia is defined as follows:

"A protrusion consisting of an organ or part projecting through some natural or accidental opening in the walls of its natural cavity; as *hernia* of the brain, of the lung, or of the bowels. Hernia of the abdominal viscera is most common. Called also rupture." That definition was approved in Southern Casualty Co. v. Fulkerson 30 S. W. (2d) 911 (reversed on other grounds, 45 S. W. (2d) 152.)

■ We have investigated many cases in which hernia is defined. In all of them it is described as being a protrusion, and it is universally held, so far as our investigation discloses, that unless a protrusion follows an injury no hernia is sustained within the meaning of compensation statutes. Typical of the many cases so holding may be cited the following: Stoddard v. Mason's Blue Link Stores, 55 Idaho 609, 45 Pac. (2d) 507; In re Frihauf, 58 Wyo. 479, 135 Pac. (2d) 427; Robbins v. Original Gas Engine Co., 191 Mich. 122, 157 N. W. 437; Pollack v. Clairton School District, 100 Pa. Super. 333; Hallack & Howard Lumber Co. v. Bagley, 100 Colo. 402, 68 Pac. (2d) 442; Furferi v. Pennsylvania R. Co., 117 N. J. L. 508, 189 A. 126.

In the case of Stoddard v. Mason's Blue Link Stores, 45 Pac. (2d) 597, the Supreme Court of Idaho construed a provision of the compensation statutes of that state substantially identical with the corresponding provision in our statutes above copied. Subsection 3 of that statute reads as follows: "That the hernia did not exist in any degree prior to the injury by accident for which compensation is claimed." From the opinion in that case we quote:

"From the authorities it appears that the conclusion must be reached that a hernia is the protrusion of some organ or tissue from its normal station through an accidental or natural opening in the wall of the cavity in which it is contained, and that the mere presence of a perforation or an aperture in the cavity well, either accidental or natural, and through which some organ or tissue may protrude at a later time is not a hernia within the meaning of I. C. A., Sec. 43-1116."

While the definition of hernia includes any and all protrusions of an internal organ from its natural location, it is evident that that term was used by the Legislature in its popular sense in the compensation statutes. Should an employee, for example, suffer an injury in the course of his employment producing a hernia of the brain, it is not believed that his right, or that of his beneficiaries, to recover compensation therefor should be limited and controlled by the specific provisions of the hernia statute. They cannot be made to apply practically to such an injury.

Applying the foregoing to the record before us, we are led to the conclusion that it was not established by competent evidence, as a matter of law, that petitioner sustained a hernia in any degree on August 30, 1942. The evidence does disclose, without dispute, that he suffered an injury upon that date, which may have been a hernia, but which also may have been but a perforation or an enlargment of the rings. It does not establish that a protrusion followed. If it did not, then he suffered no hernia in any degree at that time. If there was no protrusion in any degree, there was no hernia in any degree. Any other holding would run counter to the spirit and purposes of the compensation law. It would deny petitioner compensation under the hernia statute on account of his injury of August 30, 1942, because no hernia *appeared* suddenly and then change to the other edge of the sword and cut off his right to compensation for the injury of March 29, 1943, because the hernia which appeared at that time existed in some degree prior thereto. The effect of such holdings would be that, if a hernia should result from two

separate injuries on consecutive days, the first of such injuries would be classed as a general injury, Petroleum Casualty Co. v. Schooley, 131 S. W. (2d) 291 (error dismissed, correct judgment), and his claim for hernia following the second injury would be denied. We cannot ascribe to the Legislature an intent to enact statutes that would produce that.result.

■ The most difficult question for decision, from our viewpoint, arises out of the language employed by the petitioner in his notice of injury and claim for compensation: In his notice he described the injury of March 29, 1943, and for which he claims compensation, as a "breaking down of an old hernia which had commenced on same job on August 30, 1942," and in his claim for compensation filed with the Board he described his injury as "aggravation of old hernia sustained on same job on August 30, 1942." The Court of Civil Appeals correctly held that, if petitioner sustained an injury resulting in hernia in any degree on August 30, 1942, he cannot recover compensation in this action as brought. We approve that portion of its opinion.

■ Were we to apply that same strictness to the notice and claim which is applied in passing on an exception to a pleading, the conclusion would doubtless be that the petitioner could not deny that he suffered a hernia on the date named. But, this court has consistently held that it was the intention of the Legislature that the proceedings with reference to giving notice and filing claims should be informal, and that great liberality should be indulged in determining the sufficiency and scope of such notices and claims. That question is fully treated in Booth v. Texas Emp. Ins. Ass'n., 132 Texas 237, 123 S. W. (2d) 322; Aetna Casualty & Surety Co. v. Joe Ware, 132 Texas 298, 123 S. W. (2d) 332, and Federal Underwriters Exchange v. Cost, 132 Texas 299. 123 S. W. (2d) 332. Considering this notice and this claim in connection with the pleading copied above, and in the light of the record before us, we think it should not be held, as a matter of law, that petitioner intended to claim, or that the jury intended to find, that he suffered a hernia within the true meaning of that word on August 30, 1942, rather than that he suffered what is sometimes denominated as a potential hernia or a predisposition to hernia. As noted above, those terms were not defined in the charge. The injury was referred to as an "incomplete hernia," and we cannot say that by that term was not meant a potential hernia. In fact, under the authorities it is doubtful whether there is any such a condition as an incomplete hernia as distinguished from a potential hernia.

It was held in Parker v. Weber-King Mfg. Co., 19 La. App. 177, 139 So. 660, that the compensation law makes no distinction

between a complete and an incomplete hernia, but makes each compensable. But the opinion discloses that by incomplete was meant reducible and by complete was meant irreducible. This is manifest from this language taken therefrom:

"* * * One of the doctors, Dr. W. R. Reid, in making the comparison, refers to them as reducible and irreducible hernia instead of complete and incomplete. The term he uses portrays the condition perhaps a bit better to our minds, for we understand the incomplete or reducible hernia to be one which can be reduced and made to go back into the abdominal cavity and can be kept there by use of a truss, whereas the irreducible or complete hernia cannot be pushed and kept back because the rupture in the abdominal wall is too large."

In the case before us the only medical testimony was that given by Dr. T. W. Grice. His view accords with that generally reflected by the opinions of the courts and is expressed by him as follows:

"Q. Are there conditions, Doctor, when you have what you call a potential hernia present?

"A. That is a hernia, that is where the tissues are weak and the rings are large and where it would not take much pressure to push the hernia mass through. It does not actually come down but the way is open for it to push through.

"Q. You don't call that a complete hernia?

"A. No, that is not a complete hernia because the mass does not actually come down.

"Q. And when it breaks so that it can come down, is it complete?

"A. When it pushes on through the openings and pushes out under the skin, then that is a complete hernia.

"Q. Now he had had a complete left inguinal hernia, and what did you find on the right side?

"A. That is also classified as complete, however it only pushed a small distance through the ring, and it was not anything like as large as the left side."

The substance of that testimony is that, when there is a protrusion the hernia is complete and when there is not a protrusion, the hernia is only potential. The test is whether there has been a protrusion, and not whether the hernia may be reduced.

In our conclusion that the Court of Civil Appeals erred in holding that, as a matter of law, petitioner suffered a hernia on

August 30, 1942, and in rendering judgment based upon such holding that he take nothing.

■ Having determined that the judgment of the Court of Civil Appeals should be reversed, we look to the brief filed by the respondent, as appellant, in that court to guide us in determining what order to enter here. That brief reflects that one of the errors complained of was the overruling by the trial court of an objection to the charge on the ground that it did not submit the issues of whether the hernia appeared suddenly or whether it existed in any degree prior to March 29, 1943. We have held above that answers to those issues against petitioner cannot be made as a matter of law. The statements from the record made in connection with that holding clearly reflects that, neither can those issues be answered favorably to petitioner, as a matter of law. Those issues, under the record, are fact issues which should be determined by the jury. They have not been fully developed in the light of this opinion. By the express language of the hernia statute, copied above, they are petitioner's issues and are not respondent's defensive issues. Travelers Ins. Co. v. Washington, 5 S. W. (2d) 783 (er. ref.). It follows that under Rule 279 R. C. P. it was not incumbent upon respondent to prepare and tender special issues to cover those matters, but its objections to the charge were sufficient to preserve the question for review. We sustain the assignment presenting this question.

It is accordingly our order that the judgments of the courts below be reversed and the case remanded to the trial court.

Opinion adopted by the Supreme Court December 6, 1944.

Rehearing overruled January 10, 1945.