Stewart, J.
A single question of law is presented to this court in this appeal. The question is stated by defendant as follows:
“Did the Court of Appeals err in holding that the Court of Common Pleas did not commit prejudicial error in his charge which stated that a finding of implied malice is sufficient to justify an award of punitive damages in an action for alienation of affections ? ’ ’
So far as the right to compensatory damages is concerned, there is no complaint made as to the charge of the court to the jury.
The court told the jury that, if the plaintiff possessed the love and affection of his wife, he was entitled to retain them and enjoy the companionship, love, society, and services of his wife without being molested in their enjoyment by interference on the part of any person; that before plaintiff could recover a verdict he must show that defendant was the cause of plaintiff’s loss of the affection and love of his wife; that he must show a wrongful or wilful act or acts on the part of defendant which produced the results complained of; that, if plaintiff’s wife voluntarily bestowed,her love and affection upon defendant without any overt act upon his part or conduct toward her which resulted in the alienation of her affections from her husband, *458 defendant would not be liable to plaintiff for damages; and that there can be no recovery for alienation of affections caused by the mistreatment of one spouse by the other, particularly if the entire affection between the spouses has been destroyed, unless such mistreatment is the result of influence exercised by the alienator.
However, with reference to punitive damages, the court charged the jury as follows:
“Punitive or exemplary damages are damages given by way of punishment of the defendant for a wrongful act, and are given when the act complained of which results in injury, was prompted by malice, and this includes a reasonable attorney fee for conducting the prosecution.
“Hatred, ill will, or actual malice toward the injured party is not a necessary ingredient of legal malice as applied to torts, nor is it necessary that the. act complained of proceed from a spiteful, malignant, or revengeful disposition. If it be wrongful, unlawful and intentional, and the natural and probable result of the act is to accomplish the injury complained of, malice is implied.
“Legal malice may be assumed in an action for alienation of affections when it appears that by reason of the acts of the defendant the affections of the spouse were alienated from the plaintiff.
‘ ‘If you find for the plaintiff you are instructed that the measure of damages includes compensation for loss of love, society, affection, services, companionship and consortium of his wife, as well as compensation for any mental suffering and anguish he has endured, and any injury to his feelings, and distress of mind and body caused by the alienation of his wife’s affections and loss of consortium.
C ( * $ #
“If you find for the plaintiff and find that the de *459 fendant in what he was alleged to have done was prompted by malice, then you may allow punitive damages, and may include therein a reasonable attorney fee.”
In the foregoing charge the court told the jury that in order to justify it in exercising its discretion in awarding punitive damages it need find only legal malice as distinguished from actual malice, and that legal malice may be assumed in an action for alienation of affections when it appears that by reason of the acts of defendant the affections of plaintiff’s spouse were alienated from him.
Defendant contends that this action upon the part of the trial court was prejudicially erroneous for the reason that in Ohio punitive damages can not be awarded for a tart in the absence of actual malice upon the part of the tort-feasor, and that in this case there was no evidence of hatred, ill will or actual malice upon the part of defendant toward plaintiff.
There is a division in the authorities as to whether there must be actual malice upon the part of a defendant or merely legal malice in order to justify punitive damages. 15 American Jurisprudence, 718, 719, 720, Section 280; 16 A. L. R., 808; 123 A. L. R., 1122.
The rule in Ohio seems to be that ordinarily, in tort actions, punitive damages are allowable in cases in which fraud, malice or insult appears, that such damages may be allowed even though the defendant may have been punished criminally for the same wrong, and that reasonable counsel fees for the prosecution of the action may be included therein. Roberts v. Mason, 10 Ohio St., 277; Saberton v. Greenwald, 146 Ohio St., 414, 66 N. E. (2d), 224, 165 A. L. R., 599.
In the Saberton case, the second paragraph of the syllabus reads:
“In an action to recover damages for a tort which involves the ingredients of fraud, malice, or insult, a *460 jury may go beyond the rule of mere compensation to the party aggrieved and award exemplary or punitive damages. (Roberts v. Mason, 10 Ohio St., 277, approved and followed.) ’’
In the case of Mauk v. Brundage, 68 Ohio St., 89, 67 N. E., 152, 62 L. R. A., 477, the court held that in a case where the evidence warrants a finding that some of the defendants were actuated by express malice and others were not, and the jury so finds, it is proper practice to render a verdict against all the defendants for compensatory damages and an additional amount as exemplary damages against those found to have been guilty of express malice.
This court has never been presented with the question as to whether legal malice, which may be assumed in an action for alienation of affections, is a sufficient ground upon which to predicate an award of punitive damages. In some actions for alienation of affections, such as might be caused by the actions of parents, it might well be argued that, unless the parents were actuated by express malice, no punitive damages should be awarded for the reason that the parents might have had the best of motives, however mistaken, in causing the alienation. However, in the case of a third party alienating the affections of one spouse from another in order to secure those affections for himself, it is impossible to perceive any proper or justifiable motive.
In the case of Westlake v. Westlake, 34 Ohio St., 621, 32 Am. Rep., 397, which was an action by a wife for the loss of the society and companionship of her husband against one who wrongfully induced the husband to abandon or send the wife away, the court held that the action was maintainable and that the acts of the defendant which caused the alleged injury must have been malicious.
In the opinion, however, it is stated that if the con *461 duct of the defendant was unjustifiable and actually caused the injury complained of by the plaintiff, malice in law would be implied from such conduct and the trial court should have so charged.
The Westlake case did not involve the question of punitive damages.
The rule as to malice is stated as follows by Judge Hart in his dissenting opinion in the Saberton case, supra, and there was no division upon this statement:
“This court has, over the years, recognized the propriety of submitting to a jury the question of the assessment of punitive damages in certain tort cases where the defendant’s wrongdoing has been intentional and deliberate, or has the character of outrage frequently associated with crime.
“Not all tort actions are of such a character as to warrant the assessment of punitive damages. G enerally the application of the doctrine is confined to cases where there is involved actual malice, interference with marital relations, or wanton personal injury, such as in cases of seduction, assault and battery, false imprisonment, or wrongful expulsion from public passenger vehicles or places of public entertainment.”
There is wide support for the doctrine that actions for alienation of affections of a spouse by one who sought to win the affections involve liability to respond in both compensatory and punitive damages.
The following eases are illustrative: Bradbury v. Brooks, 82 Colo., 133, 257 P., 359; Moelleur v. Moelleur, 55 Mont., 30, 173 P., 419; Button v. Knight, 95 Vt., 381, 115 A., 499; and Paulson v. Scott (Wis.), 50 N. W. (2d), 376.
The reason for the application of the rule is well stated in the case of Paulson v. Scott, supra. The opinion states:
“The defendant further contends that it was error for the trial court to reject the requested question in *462 the special verdict: ‘Were the acts of the defendant, Myron Scott, the result of malice or bad intent toward the plaintiff John T. Paulson?’ He asserts that no finding of punitive damages can stand without a finding by the jury that the acts of the defendant were wicked, wilful and malicious. We do not think this objection is well taken. Where the act itself is wrongful, malice is presumed. ‘An actual intent to alienate is not necessary if defendant’s acts are inherently wrong and seductive and tend to and do have the effect complained of.’ 42 Corpus Juris Secundum, Husband and Wife, Section 662, page 317. ‘The malice with which an act must have been done to warrant awarding of exemplary damages in action for alienation of affections under a statute may be implied from a wrongful act, injurious to another, done with deliberate intention to do a grievous wrong, without legal justification or excuse. ’ 42 Corpus Juris Secundum, Husband and Wife, Section 695, page 350, note 73. The seduction of a wife is of such a nature that an action for punitive damages will lie regardless of whether the seducer meant to injure the husband or only to gratify the wife or himself. Injury to the husband follows as a natural and probable consequence of the seducer’s act and his intent to accomplish such natural and probable results of his action is to be presumed.’’
In the present case the court told the jury that actual malice toward the injured party is not a necessary ingredient; and that if the act be wrongful, unlawful and intentional, and the natural and probable result of the act is to accomplish the injury complained of, malice is implied.
We are of the opinion that the court’s charge was without error. Where a person wrongfully, unlawfully and intentionally alienates the affections of a spouse for the purpose of having those affections bestowed upon himself, such an act is so contrary to *463 public policy, so hostile to the institution of marriage, and so destructive of the very foundations of American civilization and society that the vice of such an act itself dispenses with the necessity of proving actual malice.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Taet, Matthias and Hart, JJ., concur.
Zimmerman and Middleton, JJ., dissent.