Billy Wayne McMILLAN, Appellant,

v.

Daniel I. FELSENTHAL, Appellee.

No. 616.

Court of Civil Appeals of Texas,
Tyler.

May 18, 1972.

Rehearing Denied June 15, 1972.

**10**

Badders & Keeling, C. A. Keeling, Nacogdoches, for appellant.

Smead, Roberts, Harbour, Smith, Harris & French, Jerry S. Harris, Longview, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. The action is in tort. As grounds for a cause of action, plaintiff alleged that for many months prior to February 26, 1971, defendant begin to visit a lounge owned by him and his wife, where his wife worked as a bartender; that the defendant intentionally set out to seduce and have sexual intercourse with his wife; and that he finally accomplished his purpose during the early morning hours of February 26, 1971, when he took plaintiff's wife to a lakehouse and kept her there until approximately 6:30 a. m. in the morning. Plaintiff further alleged that as a result of the defendant's intentional and wrongful acts, he was deprived of the services, affections, and consortium of his wife, Mary Ann McMillan; that a trespass was committed by the defendant upon the plaintiff's rights to the affection, love, consortium, and exclusive sexual relationship with his wife; that the defendant alienated the affections of the said Mary Ann McMillan; and that defendant's conduct was the controlling cause of the separation between him and his wife and his loss of consortium. His prayer was for actual as well as punitive damages. Defendant denied generally the allegations of the petition. Defendant also filed a motion for summary judgment pursuant to Rule 166–A, Texas Rules of Civil Procedure, alleging that the pleadings, depositions, and affidavits on file before the court showed that no material issue of disputed fact existed upon plaintiff's cause of action for "alienation of affections" and therefore defendant was entitled to a summary judgment as a matter of law. Defendant specifically alleged in his motion that no disputed issue of fact existed upon plaintiff's cause of action for "alienation of affections" because both plaintiff and his wife gave deposition testimony to the effect that the wife's affections had not been alienated. After a hearing the trial court granted a summary judgment in favor of the defendant denying plaintiff any of the relief under any of the allegations in his petition. Plaintiff duly perfected this appeal.

By six points of error plaintiff urges that the judgment must be reversed and remanded. In essence, he contends that the trial court erred in granting defendant a summary judgment because in so doing the trial court refused to recognize that a cause of action for criminal conversation exists under the laws of this State. He further urges that the trial court erred in failing to construe his pleadings as stating a cause of action for criminal conver-

sation and in failing to hold that the evidence raised a disputed issue of material fact upon his alleged cause of action for criminal conversation. We sustain plaintiff's contention and accordingly reverse and remand the cause for trial on the merits.

The legal basis of all causes of action arising from situations of this sort springs from the interference with family relations. The interference with the family relationship may be of various types, including, but not restricted to, the interference known as alienation of affections. With respect to interference with a man's relationship with his wife, the three most common types of interference are (1) enticement or harboring the wife, (2) adultery with the wife, which in its tort aspect usually is called "criminal conversation," and (3) "alienation of affections" which amounts to an interference only with the wife's mental attitude toward the husband because of malice or some other improper motive on the part of the defendant. Prosser on Torts, 3rd Ed., p. 894.

The author in the foregoing work on torts makes the following observations with regard to causes of action of this sort:

"Criminal conversation, enticement and alienation of affections still are often treated as separate torts, but there is no good reason for distinguishing them. They represent three forms of interference with aspects of the same relational interest, and of course all three may be present in the same case. When the action is for criminal conversation, proof of enticement or alienation will go to increase the damages, and the converse is likewise true. There is now a decided tendency to confuse the three, or to lump them together, usually under the general name of 'alienation of affections,' without any attempt to distinguish the possible elements of the tort."

Since defendant's motion for summary judgment is leveled only at a cause of action for alienation of affections, it seems that defendant followed the usual tendency of lumping all possible types of interference under the general name of "alienation of affections."

The common law has long furnished an aggrieved husband with a right of action against his wife's adulterer for criminal conversation. Blackstone's Commentaries (Lewis's Ed.) Book 3, p. 139; Antonelli v. Xenakis, 363 Pa. 375, 69 A.2d 102. The right of an aggrieved husband to a cause of action for criminal conversation is recognized in this State. Swearingen v. Bray, 157 S.W. 953 (Tex.Civ.App., 1913, n. w. h.); Lisle v. Lynch, 318 S.W.2d 763 (Tex.Civ.App., Fort Worth, 1958, n. r. e.); also see Speer's, Marital Rights in Texas, sec. 109. Our law also recognizes the right of an aggrieved husband to maintain a cause of action for alienation of affections. 30 Tex.Jur.2d, sec. 153, p. 240; Lisle v. Lynch, supra; Smith v. Smith, 225 S.W. 2d 1001 (Tex.Civ.App., Amarillo, 1949, n. w. h.).

There is a distinction between an action for criminal conversation and an action for alienation of affections. It is possible for a cause of action for either to exist without the other. While an action for alienation of affections and one for criminal conversation are both founded on the injury to the right of consortium, they are generally recognized as essentially different. The gravamen or gist of the action where it is for criminal conversation is the adulterous intercourse, and the alienation of affections thereby resulting is regarded as merely a matter of aggravation, whereas the gravamen in the other case is the alienation of affections with malice or improper motives. Smith v. Smith, supra; Darnell v. McNichols, 22 Tenn.App. 287, 122 S.W.2d 808, 810 (1938).

In the present case two primary rights were available to the plaintiff as a basis for a cause of action: one is the right of the plaintiff to the body of his wife, and the other to her mind unpolluted. Sullivan v. Valiquette, 66 Colo. 170, 180 P. 91 (1919). The interference with the former constitutes a cause of action for criminal conversation while interference

with the latter would give rise to a cause of action for alienation of affections. Interference with both, even though by one act, could give rise to two causes of action. It is permissible, however, to allege interference with either as an aggravation of the other. Sullivan v. Valiquette, supra.

 The plaintiff's petition in this case was not divided into counts. While the petition contains separate paragraphs, there seems to be no paragraph specifically on alienation of affections with malice or improper motives. Nowhere in plaintiff's petition did he allege that the defendant had knowledge of the marriage relationship, which, as we understand it, is a necessary allegation in order to state a separate and distinct cause of action for alienation of affections. Since plaintiff did not specifically allege alienation of affections and did not allege defendant's knowledge of the marriage relationship, we do not construe his petition as alleging a separate alternative count for a cause of action for alienation of affection in addition to his cause of action for criminal conversation. For this reason, it occurs to us that plaintiff based his suit only upon his right of action for criminal conversation and that the further charge of alienation of affections was incidental and was to be considered only in aggravation of the damages.

In Vol. 42 C.J.S. Husband and Wife § 698, subsec. b, p. 353, it is stated:

"To sustain an action for criminal conversation two things must be established: (1) An actual marriage between the spouses. (2) Sexual intercourse between defendant and the guilty spouse during the coverture."

 Plaintiff's petition clearly alleged each of the foregoing elements. The evidence offered by the plaintiff shows both the marriage and the illicit relationship. Defendant flatly denied that any illicit relationship occurred. Thus, the record shows a disputed issue of fact upon plaintiff's cause of action for criminal conversation.

Rule 166–A, supra, provides for a summary judgment in the following language: "(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, * * * and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The duty of the court hearing the motion for summary judgment is to determine if there is any issue of fact to be tried and not to weigh the evidence or determine its credibility. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. The record before us clearly shows that there is a fact issue to be tried which issue will ultimately turn on credibility of the witnesses and the weight to be given their testimony. It therefore follows that the defendant was not entitled to a summary judgment upon the cause of action relied on by the plaintiff.

For the reasons stated, the judgment is reversed and the cause is remanded.